No. 16,503.

Henry *v.* McArthur, Manager of Safety and Excise of Denver.
(223 P. [2d] 621)

Decided October 16, 1950.

Mr. Isaac E. Moore, for plaintiff in error.

Mr. John W. Metzger, Attorney General, Mr. Allen Moore, Deputy, Mr. Wendell P. Sayers, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

We will herein refer to plaintiff in error as petitioner.

Petitioner, on April 17, 1950, complaining that he was unlawfully imprisoned, detained, confined and restrained of his liberty by the defendant in error, applied to the district court of the City and County of Denver for a writ of habeas corpus. The writ was issued returnable April 20, on which day the court granted petitioner leave to file an amended petition, and continued the matter for hearing to April 22, which date would be after a hearing before the Governor of the State of Colorado on the demand and requisition for extradition presented by the Governor of the State of Arkansas. The Governor of Colorado granted extradition and on his executive order a warrant was issued for the arrest of petitioner and his delivery into the custody of the sheriff as agent for the state of Arkansas.

At the hearing on the amended petition, the petitioner filed written motion to make the writ of habeas corpus permanent and, among other grounds, urged that the papers forwarded by the Governor of the State of Arkansas, are absolutely void, because of their in-

sufficiency, in that they failed to comply with title 18 section 662 of the United States Code Annotated, by not containing therein any copy of "an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime."

The motion also set out the section 662 of the United States Code, supra, which is as follows: "Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State or Territory to which such person has fled, *and produces a copy of an indictment found or an affidavit made before a magistrate or any State or Territory,* charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, it shall be the duty of the executive authority * * * to cause him to be arrested and secured, and to cause notice of the arrest to be given to the executive authority making such demand, or to the agent of such authority appointed to receive the fugitive, and to cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within six months from the time of the arrest, the prisoner may be discharged. All costs or expenses incurred in the apprehending, securing, and transmitting such fugitive to the State or Territory making such demand, shall be paid by such State or Territory."

We must note that the above section of title 18 was repealed June 25, 1948, and the provisions on Crimes and Criminal Procedure were revised. The fundamental part of the old section 662, supra, now appears as section 3182 of the new title 18. The new section makes the identical provision as the old one concerning what must accompany a requisition for extradition using the same language, " * * * and produces a copy of an indictment

found or an affidavit made before a magistrate of any State or Territory, * * *."

The matter of the sufficiency of the papers accompanying the requisition for extradition was clearly and specifically before the trial court for its consideration, and the dismissal of the petition and discharge of the writ is assigned as error. Counsel for petitioner contends that since there is no indictment, as such, or affidavit of a magistrate of the requesting state in the extradition papers, and there is only a copy of an information filed by the prosecuting attorney of the 8th Judicial Circuit of the State of Arkansas, the entire proceeding is illegal and void, and not in compliance with the controlling section of the United States Code, supra.

The Attorney General adroitly avoids answering the arguments presented by petitioner on this matter by saying that the question was not presented below and cannot be presented and considered for the first time on the writ of error now before this court. We fail to understand how the Attorney General overlooked the record in the case which contains the motion of petitioner in full. Therefore, the argument of petitioner on this question is unanswered, and in fact we doubt that it can be successfully answered.

Copies of the extradition papers referred to, which accompanied the requisition of the Governor of the State of Arkansas, are included in Exhibit A of the record. An examination of this exhibit reveals no "affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason * * * ." There is found in said exhibit a copy of a document titled "Information," which cannot be accorded the dignity of an information, in that it does not show that a charge is made even on information and belief. It is only a verified accusation by the prosecuting attorney, and is barren of any oath as to the matters contained therein; neither does it show any

478

endorsement thereon of the names of the prosecuting witnesses. It reads as follows:

"Information

"In the Lafayette County Circuit Court

"The State of Arkansas )
 vs, )
 Clifton Henry )

 Information for
 Illegal removal and sale of
 mortgaged property.

"I, James H. Pilkinton, Prosecuting Attorney within and for the Eighth Judicial Circuit of the State of Arkansas, of which Lafayette County is a part, in the name and by the authority of the State of Arkansas, on oath, accuse the defendant Clifton Henry of the crime of illegal removal and sale of mortgaged property committed as follows, to-wit: The said defendant on the 15 day of July, 1949, in Lafayette County, Arkansas, did unlawfully, wilfully, knowingly, and feloniously take and remove one Peru Electric Weld Farm Wagon #500 from Lafayette County, Arkansas, and on which a mortgage and lien was retained by Walker-Christie Motor Co., with the fraudulent intent, then and there, to sell and dispose of said property without the consent or permission or knowledge of the said Walker-Christie Motor Co., against the peace and dignity of the State of Arkansas.

 "James H. Pilkinton
 Prosecuting Attorney.

 "By Jack Williamson Deputy Pros. Atty

"Subscribed and sworn to before me this 7 day of April, 1950.

 "Elise Bruton
 Circuit Clerk."

Since only a question of law is presented, viz., that of the legal sufficiency of the documents involved, we are at liberty to examine the record and pass on the

sufficiency thereof. This question is rightfully open to inquiry in habeas corpus proceedings. The section of the United States Code hereinbefore set out is to be strictly construed.

 We again note, in the documents involved in the requisition for extradition, the absence of "an indictment found or an affidavit made before a magistrate of any State or Territory, * * * " as required by statute. This is fatal to the validity of the warrant of arrest. The papers must include one or the other required document. Some cases hold that a copy of an information *after a preliminary examination and a holding to answer*, is entitled to the same weight as evidence and will, in habeas corpus proceedings, be so considered. The information before us does not meet this requirement to even bring it within the line of cases so holding. The information here is no more than a verified court document. It does not purport to be supported by an oath, that it is on information and belief. To allow the removal of a Colorado citizen to another state upon such a showing, would sanction the possibility of designing individuals, in their enmity, to make false accusations against a person and bring about their wrongful arrest and removal from the state.

 Respect must be accorded to the provisions of the statute and we find therein the words "indictment found." This clearly indicates the presentment under oath to a proper court by a duly impaneled grand jury, charging an offense for which punishment may follow. An information, although provision is made for such a document in the prosecution of crime, may not be substituted for an indictment in extradition proceedings. However, where there is an attempt to rely on an information properly subscribed under oath, it must be accompanied by "an affidavit made before a magistrate of any State or Territory, * * *." This affidavit should set forth the facts and circumstances relied upon for proof of the crime, and be under the oath or affirmation

of some person familiar with the facts sufficient to justify the testimony as to their truthfulness, and such affidavit is to be made before a magistrate. Such magistrate may be any judicial officer having summary jurisdiction in criminal cases, including justices of the peace, police judges, and any other person classified under our laws as a magistrate. A leading case on the questions here involved is *Ex Parte Hart,* 63 Fed. 249, and directly in point is *Ex Parte Stanley,* 133 Tex. Cr. 192, 109 S.W. (2d) 1053.

We conclude that the requisition issued by the Governor of Arkansas in this case was not in compliance with the statute, in that it contained neither an indictment nor an affidavit, as is clearly required; and that the warrant issued thereon by the Governor of Colorado for the arrest and removal of petitioner was void.

The trial court erred in overruling petitioner's motion to make the writ permanent; accordingly, its judgment dismissing the petition is reversed, and the cause remanded with directions to make the writ of habeas corpus permanent, and discharge the petitioner.

MR. JUSTICE STONE and MR. JUSTICE ALTER not participating.