No. 25008.

The People of the State of Colorado v. Keith R.
McFall, a/k/a Robert Fall.
(486 P.2d 6)

Decided June 14, 1971.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Tennyson W. Grebenar, for plaintiff-appellee.

Allen P. Mitchem, for defendant-appellant.

*En Banc.*

Mr. Justice Kelley delivered the opinion of the Court.

This is an appeal from the denial of a petition for writ of habeas corpus. The sole issue is the sufficiency of the affidavit submitted by authorities of the State of Florida in support of the extradition documents upon which a Governor's Warrant was issued. We hold that the affidavit was not sufficient and therefore reverse.

The appellant, Keith R. McFall, was charged in the District Court, in and for the City and County of Denver, by information with being a fugitive from the State of Florida. The application by the executive authority of Florida for the rendition of the defendant to that state alleged that he was charged in that state with (1) obtaining property by false personation, and (2) making a false statement to obtain property or credit. The affi-

davit in question was little more than a recitation in the language of the statute that the defendant on a certain date had committed the statutory offenses. Another affidavit relating to the identity of the appellant is not material to the issue presented by this appeal and will not be discussed.

The Attorney General in his brief in this court concedes that the affidavit in support of the charge does not contain a statement of underlying facts and circumstances sufficient to establish *probable cause,* as required by the Fourth Amendment to the Constitution of the United States. *Hithe v. Nelson,* 172 Colo. 179, 471 P.2d 596, and cases cited therein.

██ In the *Hithe* case, the extradition was based upon an *information* charging the offense. Here the charge on which the extradition proceedings are based is the affidavit of a bank employee executed before a judge. An affidavit may be used to "charge" a crime for the purpose of obtaining an arrest warrant; however, when used it must set forth facts sufficient to justify a Fourth Amendment finding of the existence of probable cause. The affidavit should report or summarize enough evidence to justify the issuance of an arrest warrant in the accusing state. *Kirkland v. Preston,* 385 F.2d 670; *Grano v. State,* 257 A.2d 768 (Del.Super).

█ As noted above, the affidavit here contains no factual statements from which it could be concluded that there was probable cause to believe that the defendant had committed the offense. The affidavit being deficient, the accused is entitled to a writ of habeas corpus releasing him from custody in this jurisdiction.

The Attorney General in conceding the defects in the affidavit requested that a reasonable time be allowed the State of Florida to cure the defective affidavits before the petitioner is released and the writ of habeas corpus is made absolute. The appellant objects to this procedure and demands that he be released forthwith.

We are impressed with the reasoning and the authority

submitted by the Attorney General, particularly the statement in *Grano v. State, supra,* in which the court said:

". . . It makes no sense to require the demanding state to reinstitute an entire new extradition proceeding because of a documentary defect which can be readily corrected in this habeas corpus proceeding if the evidence is available.

\* \* \*

". . . By any standard of law, justice and common sense, it seems to me that this Court, in its discretion, in controlling the habeas corpus proceedings should be permitted to give the State a reasonable time to fill the affidavit gap."

This same procedure was followed in *Kirkland v. Preston, supra,* relied upon by the appellant in support of his argument as to the deficiency of the supporting affidavit, in which case the State of Florida was given ten days to cure the defective affidavit by securing a proper one. We approve this procedure.

We order that if the defective affidavit is not cured on or before the expiration of 15 days from the date of this mandate, the writ of habeas corpus shall become absolute.

The judgment is reversed and the cause is remanded to the district court for further proceedings consistent with the views herein expressed.