No. 25110

**Luther Richard Woolsey v.
William Nelson, Director of Corrections**
(496 P.2d 306)

Decided April 17, 1972.                    Rehearing denied May 8, 1972.

Lionel Dunievitz, for petitioner-appellant.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, George E. DeRoos, Assistant, Tennyson W. Grebenar, Assistant, for respondent-appellee.

*In Department.*

Opinion by MR. JUSTICE ERICKSON.

An extradition proceeding by the State of Missouri brought the appellant, Luther Richard Woolsey, before the Colorado courts. The appellant's petition for release pursuant to a writ of habeas corpus was denied, and he then prosecuted this appeal. The appeal challenges the sufficiency of the documents upon which the demand for extradition is predicated. We affirm the trial court.

The State of Missouri seeks to extradite the appellant for committing the crime of "Escape From Jail Before Conviction." Missouri Revised Statutes, 1959, § 557.390. The extradition papers which were filed by the State of Missouri

included an amended felony complaint and supporting affidavit made before a magistrate in Missouri, together with the warrant which was issued after the amended felony complaint was filed.

The form of demand and the requisites for extradition are defined by statute. C.R.S. 1963, 60-1-3. Here, the requirements of the statute were met. *See People v. McFall,* 175 Colo. 151, 486 P.2d 6 (1971); *Hithe v. Nelson,* 172 Colo. 179, 471 P.2d 596 (1970).

The appellant contends that the documents were insufficient to justify his extradition because a material allegation in the complaint was shown to be untrue. The complaint states that the appellant broke out of jail while being lawfully imprisoned upon the charge of Burglary 1st Degree. To support his contention, the appellant introduced an information charging him with burglary that was filed November 19, 1969, nearly one month after the appellant allegedly broke out of jail.

Since the appellant must have been lawfully confined upon a criminal charge at the time he broke out of jail to be guilty of the crime of "escape" under the Missouri statute, the appellant argues that the State of Missouri has failed to substantially charge a crime, as required by C.R.S. 1963, 60-1-3, and that the request for extradition should be denied. *See Buhler v. People,* 151 Colo. 345, 377 P.2d 748 (1963); *Fulford v. State,* 113 So.2d 572 (Fla. App. 1959).

The fallacy in the appellant's position is that the record does not support his contention. The appellant claims that the information precludes the existence of any other charge at the time extradition proceedings were instituted. The record, however, does not establish that the information which the appellant filed as the sole grounds for his release charges the same crime that brought about his confinement in the Rolla City jail. The information filed by the appellant does not preclude the existence of charging documents apart from the information.

We conclude, therefore, that the requisition issued by the Governor of Missouri in this case is in compliance with the

statute. It is prima facie evidence that a charge has been filed prior to the appellant's "jail break."

The judgment of the trial court ordering that the defendant be extradited is, therefore, affirmed.

MR. JUSTICE DAY, MR. JUSTICE KELLEY, and MR. JUSTICE LEE concur.