# No. 26151

## Bryce Larry Graham v. John D. Vanderhoof, Governor of the State of Colorado
(524 P.2d 611)

Decided July 15, 1974.

Epstein, Lozow and Preblud, P.C., Jon Lozow, for petitioner-appellant.

John P. Moore, Attorney General, John E. Bush, Deputy, Tennyson W. Grebenar, Assistant, for respondent-appellee.

Opinion by MR. JUSTICE DAY.

By this appeal appellant Graham challenges the refusal of the trial court to grant him a writ of habeas corpus by which he sought to oppose extradition to California. We perceive no error in the trial court's denial of the writ and therefore affirm.

Graham was arrested as the result of a Denver District Court information charging him as a fugitive. C.R.S. 1963, 60-1-13. Extradition was not waived, however, and an extradition request was filed by California signed by the acting governor of California and accompanied by verified documents which included the following: (1) a criminal complaint charging appellant with a felony committed on July 24, 1972, together with an arrest warrant; (2) an amended complaint and arrest warrant; (3) copies of the police department investigative reports; (4) an application for Requisition from California, attested to by the district attorney in California, which authenticated a police photograph of the appellant and a letter from the Denver Police Department to the Chief of Police in Modesto; (5) an affidavit from Carl G. Smith which attested that appellant was same person wanted for the crime.

I.

The first ground for reversal argued by appellant is that the documents which accompanied the extradition request from the Governor of California failed to show something approaching probable cause. *Hithe v. Nelson,* 172 Colo. 179, 471 P.2d 596 (1970). In *Hithe,* we held that where extradition is based on an information, there must be an accompanying affidavit which sets forth facts and circumstances which establish "something approaching probable

cause." *See also People v. McFall*, 175 Colo. 151, 486 P.2d 6 (1971). There is the additional requirement, satisfied here, that the affidavit be sworn before a magistrate.

The crux of appellant's argument is that much of the affidavit is not based on the personal knowledge of the affiant, Smith, but on hearsay. We disposed of a similar contention in *Coca v. Sheriff of City and County of Denver*, 184 Colo. 11, 517 P.2d 843 (1974), wherein we approved, as prior law dictated, the incorporation of police investigative reports to make the required showing. In this case, the affidavit incorporated the police reports which set out the facts as follows:

Bryce L. Graham rented a camper from a Modesto, California merchant. The price of the rental was paid in full, and the camper was to be returned on July 24, 1972. That date passed without the camper being returned, however, and on August 10, 1972, the merchant notified California authorities. Two police investigations were subsequently made, both basically similar, although a copy of the lease agreement was attached to the second report. On August 25, a criminal complaint was filed in Modesto, California, charging Bryce L. Graham with felony embezzlement in violation of California law.

All the documents taken together show the standards in *Hithe* were met.

## II.

The other ground urged by appellant is that there was a lack of proof to support a finding that appellant was in California on July 24, 1972. *Harwell v. Sullivan*, 180 Colo. 144, 503 P.2d 618 (1972). We disagree.

■ The requirement that the person sought to be extradited be shown to be in the state when the crime was committed is satisfied by the allegation in the Governor's warrant, which creates a presumption that the accused was in the demanding state at the time the offense was committed. *Eathorne v. Nelson*, 180 Colo. 289, 505 P.2d 1 (1973); *Luker v. Koch*, 176 Colo. 75, 489 P.2d 191 (1971). The burden then shifts to the accused to show that he was not in the

demanding state. Here, the accused has offered no evidence to rebut the presumption.

The judgment is affirmed.

MR. JUSTICE HODGES, MR. JUSTICE KELLEY, and MR. JUSTICE GROVES concur.