### No. 26356

## Jon Terry Norrod v. Ernest D. Bower, Sheriff of Weld County, Colorado

(532 P.2d 330)

Decided February 18, 1975.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Mary G. Allen, Deputy, Norman R. Mueller, Deputy, for petitioner-appellant.

John P. Moore, Attorney General, John E. Bush, Deputy, Donna A. Maranchik, Assistant, J. Steven Phillips, Assistant, for respondent-appellee.

*In Department.*

Opinion by MR. JUSTICE LEE.

Appellant was arrested in Weld County as a fugitive from the state of Kentucky and detained for extradition. He sought release by habeas corpus and appeals from an adverse ruling. We find no error in the court's ruling and therefore affirm the judgment.

Appellant was arrested in Weld County on December 3, 1973, pursuant to a warrant issued by the Superintendent of the Kentucky State Reformatory, under the authority of section 440.010, Kentucky Revised Statutes, charging appellant with the crime of escape. Thereafter, a fugitive complaint was filed in district court under C.R.S. 1963, 60-1-13,[1] and a warrant was issued thereupon.

---

[1]Now section 16-19-114, C.R.S. 1973.

On January 3, 1974, upon motion of the district attorney, who had not yet received the Colorado Governor's warrant, the court, over objection of appellant, granted a continuance until February 1 for further proceedings. In fact, the Governor's warrant did issue on January 3 but had not yet been transmitted to the Weld County authorities.

Appellant then filed his petition for habeas corpus, wherein he attacked the legality of his confinement. After a hearing at which no evidence was presented, the court discharged the writ and this appeal was perfected.

Appellant contends the extradition documents upon which the Governor's warrant issued are insufficient, for the reason that he was not substantially charged with the commission of a crime, as required by C.R.S. 1963, 60-1-3.[2] The extradition documents, duly authenticated by the Governor of Kentucky, charged appellant by complaint and affidavit, together with a warrant based thereon, with the crime of escape in violation of section 432.390, Kentucky Revised Statutes.

In particular, appellant argues the affidavit failed to make a showing of probable cause and amounted to no more than a bare-faced allegation that a crime was committed. It was therefore insufficient under *Giordenello v. United States,* 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503; *People v. McFall,* 175 Colo. 151, 486 P.2d 6; *Hithe v. Nelson,* 172 Colo. 179, 471 P.2d 596.

■ We agree with the trial court that the complaint and affidavit detailed a sufficient factual basis to support a reasonable belief that appellant committed the crime of escape as charged. The complaint and affidavit was based upon the personal information and knowledge of the Chief Records Officer of the Kentucky State Reformatory. He stated under oath that appellant had been confined in the Kentucky State Reformatory under a sentence of ten years for armed robbery, pursuant to a judgment of conviction from the Jefferson Circuit Court of Louisville, Kentucky; that affiant had been the Chief Records Officer of the reformatory for sixteen years and was in charge of the official custody and control records of the appellant at the reformatory;

[2]Now section 16-19-104, C.R.S. 1973.

and that he knew, from these records and his own personal knowledge, that appellant did escape from the reformatory, leaving while on a hospital trip to Louisville, Kentucky.

In our view, the complaint and affidavit is sufficient to establish probable cause that appellant had committed the substantive crime of escape under the Kentucky statute. *Cf. Woolsey v. Nelson,* 178 Colo. 144, 496 P.2d 306.

█ Appellant further argues that the extradition documents should not have been predicated on appellant's alleged commission of the substantive crime of escape. Rather, he claims the extradition should have been based upon that alternate portion of the statute, C.R.S. 1963, 60-1-3, which allows extradition of a person who has escaped from confinement. He contends that since the extradition documents did not include a copy of the judgment of conviction or of the sentence imposed in execution thereof, the documents are insufficient. In answer, we merely point out that it is fundamental that the statutory grounds in section 60-1-3, which are required to be set forth in the form of demand for execution, are stated in the alternative. If any one ground is adequately set forth as required by the statute, then the demand is sufficient in form to authorize the execution of the personal demand. *Henry v. McArthur,* 122 Colo. 474, 223 P.2d 621; *People ex rel. Brown v. Jackson,* 49 Ill.2d 209, 274 N.E.2d 17.

█ Finally, appellant claims he was unlawfully confined for an excessive period of time under the fugitive complaint. Section 60-1-15[3] permits confinement not exceeding thirty days to enable the arrest of the accused to be made under a warrant of the Governor. Section 60-1-17[4] allows, in the discretion of the court, for an extension of time not to exceed sixty days if the accused has not been arrested under a warrant of the Governor within the thirty-day period. Appellant was actually confined thirty-one days before the district attorney moved for an extension of time, which was granted.

As was previously noted, the Governor's warrant was issued on the same day the district attorney applied for and was granted

---

[3]Now section 16-19-116, C.R.S. 1973.

[4]Now section 16-19-118, C.R.S. 1973.

the extension of time. Under these circumstances, we find no merit to appellant's contention. He has shown no prejudice. The extension of time was clearly within the court's discretion and no abuse thereof has been demonstrated. Moreover, the issue of the validity of the prior arrest and detention becomes moot upon the issuance of the Governor's warrant. *Crumrine v. Erickson,* 186 Colo. 139, 526 P.2d 148; *Dilworth v. Leach,* 183 Colo. 206, 515 P.2d 1130; *Luker v. Koch,* 176 Colo. 75, 489 P.2d 191; *Capra v. Miller,* 161 Colo. 448, 422 P.2d 636.

The judgment is affirmed.

MR. JUSTICE DAY, MR. JUSTICE HODGES and MR. JUSTICE GROVES concur.