## No. 26456

### Paul David Pippin v. Brad Leach, Sheriff of Boulder County, Colorado

(534 P.2d 1193)

Decided May 12, 1975.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Mary G. Allen, Deputy, for petitioner.

John P. Moore, Attorney General, Edward G. Donovan, Solicitor General, Janet Lee Miller, Assistant, for respondent.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

This appeal questions the sufficiency of extradition documents submitted by the State of Michigan. A hearing on a writ of habeas corpus provides the factual background for this appeal. The trial judge discharged the writ after finding that the extradition papers were sufficient and substantially charged Paul David Pippin with the commission of a crime in the State of Michigan. We reverse and remand with directions to the trial court.

Pippin was arrested after a felony complaint was filed charging him with being a fugitive from justice. Requisition documents were thereafter forwarded to Colorado by the Michigan authorities. The first attempt to comply with our extradition statute resulted in the documents being returned to the State of Michigan for correction, in accordance with our decision in *People v. McFall*, 175 Colo. 151, 486 P.2d 6 (1971). The sufficiency of the charging documents which were thereafter submitted by Michigan, consisting of a complaint, affidavit, and warrant, are challenged in this appeal.

■ In *McFall,* we approved of the procedure which permits a demanding state to correct a defective affidavit in an extradition proceeding within a reasonable time. In view of the fact that Pippin is awaiting trial on narcotics charges in the Boulder district court, we grant the Michigan authorities an additional fifteen days to correct the second set of documents which have been offered by the State of Michigan to support their demand for extradition.

The Uniform Criminal Extradition Act, which Colorado has adopted, sets forth the requirements which must be met by the demanding state. C.R.S. 1963, 60-1-3[1] provides:

"16-19-104. *Form of demand.* No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing alleging, except in cases arising under section 16-19-107, that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon, or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation, or parole. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, affidavit, or judgment of conviction or sentence must be authenticated by the executive authority making the demand."

### Probable Cause

The central issue in this case is whether the affidavit which supports the demand for extradition establishes probable cause. Pippin contends that the affidavit does not set forth the source of the information as required by the Supreme Court in *Giordenello v. United States,* 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503

---

[1]Now section 16-19-104, C.R.S. 1973.

(1958); *Norrod v. Bower,* 187 Colo. 421, 532 P.2d 330 (1975); *People v. McFall, supra.* We have concluded that the affidavit does not establish probable cause.

 In *Hithe v. Nelson,* 172 Colo. 179, 471 P.2d 596 (1970), we held that when extradition is not based on a grand jury indictment in the demanding state, the affidavit which supports either an information or a warrant must establish "something approaching" probable cause. To avoid confusion in the future, and in conformity with *Norrod v. Bower, supra,* and *People v. McFall, supra,* we declare that probable cause must be established by the extradition documents if extradition is to occur, and nothing short of probable cause will suffice. *U.S. Const.* amend. IV. Therefore, to whatever extent that *Hithe v. Nelson, supra,* is inconsistent with the views expressed in this opinion, it is modified. An arrest based upon a criminal act committed in Colorado must be supported by probable cause. It would be folly to suggest that comity between the states permits a lesser standard for arrest when arrest is occasioned by the demand of a sister state for extradition.

 Our opinion in *Hithe v. Nelson, supra,* relied heavily on *Kirkland v. Preston,* 385 F.2d 670 (D.C. Cir. 1967). *Kirkland* reviewed the federal extradition statute, which closely parallels the Uniform Criminal Extradition Act, and concluded that the "affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state." In our view, the affidavit cannot be construed to charge the accused "unless it sets out facts which justify a Fourth Amendment finding of probable cause." *Kirkland v. Preston, supra.* When extradition is sought by the demanding state after the affidavit is filed and the warrant issued, the accused stands charged with the commission of a crime and is, therefore, entitled to the protections afforded by the Fourth Amendment. *U.S. Const.* amend. IV. "There is no reason why the Fourth Amendment, which governs arrests, should not govern extradition arrests." *Kirkland v. Preston, supra.*

 The affidavit must, in all instances, contain sufficient information to uphold the issuance of an arrest warrant in the demanding state. *People v. McFall, supra.* Thus, the affidavit in an extradition proceeding must set forth some of the underlying

circumstances surrounding the crime charged, as well as an adequate identification of the source or sources of the information set forth in the affidavit. *Norrod v. Bower, supra; Henry v. McArthur,* 122 Colo. 474, 223 P.2d 621 (1950).

██ In this case, the affidavit is replete with conclusions and bald allegations of criminal conduct without supporting facts. The affidavit sets forth that Pippin delivered 200 units of Methamphetimine to an undercover agent for $50 at a particular address. The affidavit is weak because it does not set forth any of the underlying facts and circumstances, but the primary fault lies in the failure to designate the source of the affiant's information. The attorney general concedes that the source of the affiant's information is not disclosed and suggests that we can properly presume that a fellow officer provided the facts which support the conclusionary wording of the affidavit. Such a presumption was condemned in *Giordenello v. United States, supra.* An allegation also appears in the affidavit that a preliminary hearing was held, but again the statement is conclusory and without any source set forth for the conclusion or any indication that affiant knew that such a hearing took place.

In this case, the identification of the informational source is absent in the affidavit, and the affidavit does not suggest that the affiant had personal knowledge that Pippin committed any crime. Therefore, it cannot support an extradition order to extradite Pippin to the State of Michigan. *See United States v. Ventresca,* 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); *Giordenello v. United States, supra; Kirkland v. Preston, supra; Henry v. McArthur, supra.*

██ If a preliminary hearing was held in the demanding state and probable cause was established, then the hearing would be equivalent to an indictment and would consequently relieve the courts of this state of the burden and necessity of assessing the requisition documents to determine whether probable cause is established. If the requisition documents substantiate the fact that probable cause was determined in the demanding state, then, in the absence of other defects, extradition should occur. The legislative intent is to require that probable cause must be established if extradition is ordered. A preliminary hearing satisfies the probable cause requirement.

### Remand

██ In determining whether extradition should be granted, the courts of this state must accommodate divergent interests. It is necessary to protect the constitutional rights of the accused, but due weight must also be given to the interests of comity which provides the foundation for extradition. *Rush v. Baker,* 188 Colo. 136, 533 P.2d 36 (1975); *White v. Leach,* 188 Colo. 62, 532 P.2d 740 (1975); *Bryan v. Conn,* 187 Colo. 275, 530 P.2d 1274 (1975); *Denton v. Cronin,* 187 Colo. 247, 529 P.2d 644 (1975).

██ In our view, a proper balance is achieved when: (1) the demand for extradition is reviewed to determine whether our constitutional and statutory requirements have been met, and (2) the right to correct defective documents is afforded to the demanding state when the accused is not unduly prejudiced by the delay. *See People v. McFall, supra; Kirkland v. Preston, supra.* Since Pippin is awaiting trial in Colorado, he cannot be prejudiced by granting Michigan, the demanding state, a period of fifteen days to comply with the requirements of the Uniform Criminal Extradition Act.

Accordingly, the judgment of the trial court is reversed, and the cause is remanded with the directions set forth herein.