No. 26804

**Gary Gene Allen v. Dan Cronin, Manager of Safety and Ex-Officio Sheriff of the City and County of Denver, Wayne K. Patterson, Director of Corrections of the City and County of Denver**

(543 P.2d 707)

Decided December 1, 1975.                    Rehearing denied January 12, 1976.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Norman R. Mueller, Deputy, for petitioner-appellant.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Thomas J. Tomazin, Assistant, for respondents-appellees.

*In Department.*

Opinion by MR. JUSTICE HODGES.

In the trial court, appellant Allen filed a petition for a writ of habeas corpus in an effort to resist extradition to the state of Idaho to stand trial for murder in the first degree, assault with a deadly weapon with intent to murder, and robbery. After a hearing, the trial court refused to grant the writ and ordered his rendition to the state of Idaho.

On this appeal, the appellant urges reversal on the grounds that the affidavit accompanying the requisition documents does not establish probable cause to believe that he committed these offenses, and that there was insufficient evidence presented at the hearing to show that he was in the state of Idaho at the time the crimes were committed. Neither of the appellant's contentions have merit and we therefore affirm the judgment of the trial court.

I.

Included with the requisition documents from the state of Idaho are a certified copy of a warrant for the arrest of the appellant and a certified copy of the criminal complaint charging him in connection with a murder and robbery on November 1, 1974 at St. Anthony Hospital, Pocatello, Idaho. Also, included is an "Amended Affidavit for Probable Cause" of Paul M. Winters, an investigator for the police department of Pocatello, Idaho. It is this affidavit which the appellant contends is deficient because it does not fully meet the test for probable cause as stated in our recent case of *Pippin v. Leach,* 188 Colo. 385, 534 P.2d 1193 (1975).

We disagree with this contention and hold that this affidavit is sufficient.

*Pippin,* and many previous Colorado cases involving extradition, hold that the affidavit which accompanies the arrest warrant and the criminal complaint from the demanding state must set forth some of the underlying circumstances surrounding the crime charged, as well as an adequate identification of the source, or sources, of the information set forth in the affidavit. The affidavit in support of the extradition documents must also contain sufficient information to justify a Fourth Amendment finding of probable cause that the accused committed the crime with which he is charged. *Norrod v. Bower,* 187 Colo. 421, 532 P.2d 330 (1975); *People v. McFall,* 175 Colo. 151, 486 P.2d 6 (1971); *Henry v. McArthur,* 122 Colo. 474, 223 P.2d 621 (1950).

In the affidavit under consideration, the affiant sets forth the results of an investigation reported to him by Robert Breese, law enforcement officer in Denver, Colorado. The Denver officer questioned one Steven Bottoms on November 8, 1974 concerning the murder and robbery which occurred on November 1, 1974 at a hospital in Pocatello, Idaho. Steven Bottoms informed the Denver law enforcement officer that on October 30, 1974, William Murray Prince and Gary Allen (the appellant) were going hunting in the mountains with another individual whose first name was Dale. Steven Bottoms stated that William Murray Prince and Gary Allen drove away from his apartment in a late model Volvo sedan.

The affidavit then relates that the Denver officer advised the affiant that he had interviewed Kelly R. Patton, the owner of a 1972 dark blue four-door Volvo sedan. He advised the officer that he had loaned his Volvo to a Dale Hineman. This occurred on October 30th or 31st, 1974 and it was not until November 3, 1974 that he regained possession of his Volvo sedan.

The affiant next states that the Denver officer advised him that Steven Bottoms had informed him that William Murray Prince, Gary Gene Allen, and Dale Hineman had traveled in a borrowed Volvo to Idaho; that Prince and Allen entered the hospital at Pocatello, Idaho; that Prince held two hostages at bay while Allen took a hostage and "went to get some narcotics." While Prince was standing guard, a security officer at the hospital came around the corner and started shooting at which time Prince returned the fire. Prince and Allen then fled. Steven Bottoms stated that this information was furnished to him on November 5, 1974 by William Murray Prince, who came to his apartment on that date.

The affiant concludes the affidavit by stating that from the foregoing he believes that Gary Gene Allen participated in the robbery and murder at St. Anthony Hospital, Pocatello, Idaho on November 1, 1974.

This affidavit sets forth underlying and significant circumstances surrounding the crimes charged to the appellant, and it clearly identifies the sources of the information as coming from named individuals who related facts and conversations dealing directly with the crimes involved. The affidavit conforms to the requirements of *Pippin.* It adequately sets

forth information which reflects probable cause to believe that this appellant committed the crimes charged against him in the state of Idaho. In all respects, the requisition documents submitted by the state of Idaho fully meet the requirements of the Uniform Criminal Extradition Act which has been adopted by Colorado. *See* section 16-19-104, C.R.S. 1973.

The hearsay argument which the appellant utilizes in challenging this affidavit has no validity. Affidavits in support of arrest warrants like affidavits in support of search warrants may be based on hearsay if the source is clearly identified in the affidavit. *See People v. Jackson,* 189 Colo. 316, 543 P.2d 705, wherein we upheld the suppression of evidence secured as the result of a search warrant. We held that the supporting affidavit was defective because it did not state the source of the hearsay information contained therein. In *Graham v. Vanderhoof,* 185 Colo. 334, 524 P.2d 611 (1974), we approved the incorporation of hearsay police reports of crime investigation in an affidavit which accompanied extradition documents.

## II.

The appellant argues that his evidence at the habeas corpus hearing clearly established that he was not in Idaho on November 1, 1974, when the offenses were committed and therefore the trial court erred in not ordering his release.

Here, the governor's warrant set forth the full name of the appellant as the person charged with the offenses in the state of Idaho. It is the well-established rule of law in Colorado and elsewhere that the issuance of a governor's warrant by the governor of the asylum state creates a presumption that the person sought to be extradited was in the demanding state at the time the offense was committed. It then becomes the burden on the person sought to be extradited to show by clear and convincing evidence that he was not present in the demanding state at the time of the offense and thus is not a fugitive from justice. *Earthorne v. Nelson,* 180 Colo. 288, 505 P.2d 1(1973); *Luker v. Koch,* 176 Colo. 75, 489 P.2d 191 (1971)

At the habeas corpus hearing, the appellant testified that on October 31 and November 1, 1974, he was confined to his apartment in Denver, Colorado, with the flu. He denied being in Pocatello, Idaho, during the early morning hours on November 1, 1974, when the murder and robbery took place. He stated that he was living with a Jenny Milner. She testified that she was with the appellant in his apartment on October 31 and November 1, 1974. A friend of appellant named David Minert testified that he had seen the appellant at his apartment on November 1, 1974. Another friend of the appellant's, Colleen White, testified by deposition that she had seen the appellant enter his apartment sometime prior to 5:00 p.m. on November 1, 1974.

The prosecution thereafter called to the stand one Gerald D. Nichols who testified that he loaned his gun to the appellant on October 27 or 28, 1974, and that the appellant had told him that he was "going to use it in a

job." Nichols also testified that about a week prior to this time, the appellant had told him that he was contemplating "sticking up the hospital in Idaho." Nichols conceded in his testimony that he had considered accompanying the appellant to Idaho but did not do so. He then testified that he did not see the appellant until November 2, 1974, when he went to the appellant's apartment in Denver to see what had happened to his gun. The appellant told him that a cop had been shot in Idaho "and that's where he had been." As to the gun, appellant said to forget about it and that nobody will ever find it. He also told Nichols that he had thrown the gun in an alley or ditch in Idaho.

Witness Nichols admitted on cross-examination that he was charged with complicity in the crimes but that he had been granted immunity by Idaho in exchange for his testimony at the habeas corpus hearing. On this basis, the appellant argues that this testimony must be entirely discounted by the trial court because Nichols is an inherently unreliable witness who had every reason to commit perjury. Therefore, according to appellant's argument, the testimony offered by him and his friends fully rebuts and thus, in effect, eliminates from consideration the presumption of identity created by the governor's warrant. The conclusion which appellant draws from this argument is that the only remaining evidence before the court establishes that the appellant was in Denver at the time of the murder and robbery in Pocatello, Idaho.

We reject this argument and state the universally established principle that the trier of fact has the duty of weighing and considering all the evidence and the reasonable inferences to be drawn therefrom in resolving an issue of fact. Here, there was a conflict in evidence on the subject of the presence in or absence from the demanding state. The trial court, after evaluating all the evidence, found in effect that the appellant had not sustained his burden by clear and convincing evidence that he was not in the demanding state at the time of the offenses. As the trier of fact, the trial court here had the duty to determine the credibility of the witnesses and to resolve the conflict in the evidence. *People v. Phillips,* 188 Colo. 330, 534 P.2d 1217 (1975); *Dressel v. Bianco,* 168 Colo. 517, 452 P.2d 756 (1969). We find no basis for reversal of the trial court's determination here.

Judgment affirmed.

MR. JUSTICE DAY, MR. JUSTICE GROVES and MR. JUSTICE LEE concur.