## No. 27511

**Donald Eugene Lopez v. Dan Cronin, Manager of Safety and Excise, Wayne K. Patterson, Warden of the Jail, City and County of Denver, State of Colorado**

(568 P.2d 43)

Decided August 22, 1977.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Ilene P. Buchalter, Deputy, for petitioner-appellant.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, J. Stephen Phillips, Chief, Criminal Appeals, for respondents-appellees.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

Appellant Donald E. Lopez filed a petition for a writ of habeas corpus in the trial court contesting his extradition to the State of California. A hearing on that writ provides the factual background for this appeal. The trial court discharged the writ after finding that the extradition papers were in proper order and that the demanding state had made a finding of probable cause. We affirm.

Lopez was arrested pursuant to a warrant which charged him with being a fugitive from justice. California authorities thereafter forwarded requisition documents to Colorado. The finding of the trial court and the sufficiency of the charging documents are challenged in this appeal.

In *Pippen v. Leach*, 188 Colo. 385, 534 P.2d 1193 (1975), we held that probable cause must be established if extradition is to be ordered. In discussing that requirement, we said:

"If a preliminary hearing was held in the demanding state and probable cause was established, then the hearing would be equivalent to an indictment and would consequently relieve the courts of this state of the burden and necessity of assessing the requisition documents to determine whether probable cause is established. If the requisition documents substantiate the fact that probable cause was determined in the demanding state, then in the absence of other defects, extradition should occur. The legislative intent is to require that probable cause must be established if extradition is ordered. . . ."

The requirement for ordering extradition is satisfied if the trial court finds either that probable cause exists or that the demanding state has made a finding of probable cause. The trial court in the instant case held that the judge in California had found probable cause. If this finding was supported by evidence in the record, our constitutional and statutory requirements would be met. Section 16-19-104, C.R.S. 1973; *Pippen v. Leach, supra*; *Jordan v. Cronin*, 191 Colo. 550, 554 P.2d 1099 (1976). But the record is devoid of support for the trial court's conclusion.

However, our requirement is also met if probable cause is in fact established by the extradition papers. Here, the affidavits filed in support of extradition establish probable cause.

Accordingly, the judgment of the trial court is affirmed.