MR. JUSTICE KELLEY
delivered the opinion of the Court.
This appeal concerns the sufficiency under section 16-19-104, C.R.S. 1973, of extradition documents from the State of New Mexico to the Governor of the State of Colorado. At a hearing upon the appellant’s petition for a writ of habeas corpus, the appellant contended that the extradition documents, specifically the affidavit, failed to establish probable cause as required by our decision in Pippin v. Leach, 188 Colo. 385, 534 P.2d 1193 (1975), in that they failed to disclose the affiant’s source of information or establish the reliability of the information in the affidavit. The trial judge discharged the petition and found that the documents did establish probable cause to believe that the appellant had committed a crime in New Mexico. We agree and therefore affirm.
The appellant argues that the Pippin case precludes a trial court from concluding that an affidavit establishes probable cause on the strength of an unidentified fellow officer. We cannot agree. In Pippin we held that we cannot presume that a felfow officer provided the facts contained in the affidavit. It is clear in this case that a fellow officer did in fact provide the information. The trial judge was not making the presumption we prohibited in Pippin.
The appellant contends that other information in the affidavit is not reliable because the victim, who testified at the hearing, had on two prior occasions identified someone other than the appellant as her assailant. When the court is satisfied that certain minimal requirements are met, extradition should be ordered. Bryan v. Conn, 187 Colo. 275, 530 P.2d 1274 (1975). The appellant can attack the victim’s credibility at the trial in New Mexico.
The judgment of the trial court is affirmed.