MR. JUSTICE CARRIGAN
delivered the opinion of the Court.
The appellant filed a petition for a writ of habeas corpus in the district court, challenging the sufficiency of extradition documents which *220 requested his return to Wyoming. The district court issued the writ and after a hearing discharged the writ. We affirm.
Section 16-19-104, C.R.S. 1973, sets out in detail the required form of a demand from a state seeking extradition:
■ “Form of demand. No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing alleging, except in cases arising under section 16-19-107, that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon, or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation, or parole. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, affidavit, or judgment of conviction or sentence must be authenticated by the executive authority making the demand.”
In this case the written demand for extradition alleges that the appellant was present in Wyoming at the time the alleged crime was committed and that he fled from that state. The extradition demand is based on charges filed by information, and both the information and a supporting affidavit have been included in the extradition papers. The question here raised is whether the extradition papers “substantially charge the person demanded with having committed a crime under the law of that state.” Section 16-19-104, supra.
An information cannot be construed to “substantially charge” the accused unless it sets out facts which would support a finding of probable cause that he committed the crime alleged. Pippin v. Leach, 188 Colo. 385, 534 P.2d 1193 (1975). This means that the affidavit must set forth sufficient underlying facts and circumstances to constitute the crime charged, and adequately identify the source of the information set forth. Pippin v. Leach, supra. It is undisputed that the information and affidavit in the instant case fall short of that requirement.[1] *221 We hold, therefore, that the probable cause requirement is not met by the information and affidavit.
The extradition documents, however, demonstrate that the appellant waived a preliminary examination to determine probable cause in Wyoming. If a preliminary hearing had been held in Wyoming, and probable cause had been established at that hearing, it would not have been necessary for us to consider the extradition papers to determine whether they independently establish probable cause. Pippin v. Leach, supra.
The issue now posed is whether the appellant’s waiver of the probable cause hearing which the preliminary examination in Wyoming would have provided him, constituted a waiver of his right to require that Wyoming establish probable cause to prosecute him as a prerequisite to extradition. More simply put, the issue is whether waiver of the Wyoming preliminary examination is equivalent, for purposes of extradition, to a probable cause finding after such a preliminary examination.
We have held that, under Colorado law, waiver of a preliminary examination amounts to an admission of probable cause. People ex rel. Farina v. District Court, 184 Colo. 406, 521 P.2d 778 (1974). We must, however, determine whether probable cause exists under the law of the demanding state. People v. McFall, 175 Colo. 151, 486 P.2d 6 (1971).
The Wyoming Supreme Court has not yet decided whether waiver of a preliminary examination is equivalent to an admission of probable cause. Nonetheless, our consideration of available Wyoming law leads us to conclude that the appellant’s rights will not be violated by his return to Wyoming for trial under the specific circumstances here presented.
Rule 7 of the Wyoming Rules of Criminal Procedure, which affords the right to a preliminary examination, provides in pertinent part: “(b) Procedure. The defendant shall not be called upon to plead at the preliminary examination. If the defendant waives preliminary examination, the commissioner shall forthwith hold him to answer in the district court. If the defendant does not waive examination, the commissioner shall hear the evidence within a reasonable time. ... If from the evidence it appears to the commissioner that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the commissioner shall forthwith hold him to answer in the district court; otherwise the commissioner shall discharge him.” (Emphasis added.)
Thus, under Wyoming law, if a defendant waives preliminary examination, he consents to being held for trial without a judicial finding of probable cause. Regardless of whether or not a defendant thus “admits” that *222 probable cause exists, he thus waives a judicial hearing on the question prior to trial.
In spite of his having waived such a hearing in Wyoming, the appellant contends that now that he is in Colorado he is entitled to that very procedure — a pre-trial judicial determination whether probable cause exists to hold him for trial in Wyoming. In our view no purpose would be served, and no substantial rights would be protected, by our imposing such a requirement. The purpose of extradition proceedings is to prevent an accused person from being wrongfully rendered to the demanding state for trial. If, however, he has already consented to stand trial in that state without a judicial finding of probable cause, it would be illogical and wasteful of judicial time not to give effect to his consent.
We hold that Wyoming may extradite the appellant without an independent showing in Colorado of probable cause to hold him for trial in Wyoming, when he has already validly waived his right to such a showing in Wyoming.[2]
Therefore, since the appellant seeks nothing more than that which he has already waived, the judgment of the district court is affirmed.

The information relates only the following facts:
“The Essential Facts are that on March 15, 1976, the Defendant entered the business known as Git n’ Place, located at 1702 Grand Avenue, Laramie, Albany County, Wyoming. The Defendant selected merchandise and presented this merchandise to Mike Raibal, an employee at the Gil n’ Place. The Defendant then produced Bank Americard #471823753443, issued to Stanley S. Simmons. Mr. Raibal- then prepared two sales drafts for the purchases, and presented them to the Defendant for signature. The Defendant signed both sales drafts in the name of Stanley S. Simmons. When the transaction was completed, the Defendant left the store with the items purchased.”

Of course, the appellant will still be free to challenge the validity of his arrest at trial. All he has waived is his right not to be held for trial absent a finding of probable cause. Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958).