MR. JUSTICE HODGES
delivered the opinion of the Court.
Appellants, husband and wife, challenge the order of the trial court which dismissed their petitions for writs of habeas corpus. We affirm.
On September 8, 1976, the appellants were arrested in Boulder County as fugitives from Utah. When they appeared in court the next day, they were served with a fugitive complaint from Utah. The trial court set a return date of October 13. Due to errors by Utah officials in filing the requisition documents, the governor’s warrants were not ready to be served on the appellants on October 13. Over the appellants’ objections, the district attorney was granted a continuance until October 15. A second continuance was granted to the district attorney on October 15 because the governor’s warrants were still not ready. Requisition documents and the governor’s warrants were finally served on the appellants on October 19.
Appellants then filed petitions seeking writs of habeas corpus. Hearings were held on November 9. In a minute order delivered November 10, the court found that the extradition documents were fatally defective. The court ordered that writs of habeas corpus be given final effect unless the state of Utah corrected the defects within five days. Utah submitted supplementary affidavits within the specified period which corrected the defects. After a further hearing, the court ordered the appellants extradited to Utah, dismissed their petitions for writs of habeas corpus, and discharged the writs.
Appellants argue that they should be discharged for three reasons: (1) they were jailed for thirty-four days in violation of section 16-19-116, C.R.S. 1973; (2) under section 16-19-118, C.R.S. 1973, the court was without power to order a second continuance; and (3) the court was without power to grant a continuance for the purpose of allowing the state of Utah to remedy defective extradition documents. We are not persuaded by these arguments.
Appellants’ first two arguments challenge the propriety of their incarceration before the governor’s warrants were issued. These arguments were mooted by the issuance of the warrants on October 19. E.g., Norrod v. Bower, 187 Colo. 421, 532 P.2d 330 (1975).
Appellants’ third argument concerns the validity of their incarceration under the governor’s warrants. They claim that the court was without power to allow the state five days to correct its extradition documents. They also claim they should have been discharged under the writs of ha-beas corpus because the extradition documents were fatally defective.
Although no statute specifically authorizes continuances for the purpose of allowing the demanding state to correct insufficient extradition documents, neither does any statute prohibit such action. The *376 purpose of extradition is to prevent the escape of persons accused or convicted of crimes in another state. Discharging the appellants, who had demonstrated a tendency to flee, and forcing the state of Utah to institute entirely new extradition proceedings would have risked the escape of the appellants and would have wasted the resources of two states. These extradition papers were quickly correctable, and it was within the trial court’s discretion to allow a reasonable time for correction instead of causing the entire process to be repeated. People v. McFall, 175 Colo. 151, 486 P.2d 6 (1971). The district court did not abuse its discretion by allowing the state of Utah five days to correct its extradition documents before making the writs of habeas corpus permanent.
The judgment is affirmed.