### No. 27975

**Michael D. Goeschel v. Dan Cronin, Manager of Safety and Excise and Ex-Officio Sheriff of the City and County of Denver, and Wayne K. Patterson, Warden of the Jail, City and County of Denver, State of Colorado**

(586 P.2d 664)

Decided November 6, 1978.                    Rehearing denied December 4, 1978.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Gene Beville, Deputy, for petitioner.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Anthony M. Marquez, Assistant, for respondents.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

The appellant, Michael Goeschel, filed a petition for a writ of habeas corpus in the District Court of the City and County of Denver seeking release from custody on the grounds that the extradition documents submitted by the State of Nebraska were insufficient. The trial court found the requisition papers sufficient and proper. We affirm.

At issue here is whether the affidavit supporting the requisition warrant demonstrates probable cause that the appellant committed the crime with which he was charged in Nebraska. The affidavit in question sets forth in great detail the facts and circumstances surrounding the alleged commission of the crime. The affiant was the prosecuting attorney for Lancaster County, Nebraska. The facts sworn to were related to the affiant by police officers who actually participated in discovering the facts which constituted the crime. The affiant was personally acquainted with all the parties who gave him the information contained in the affidavit.

Appellant contends that because the affidavit contains only hearsay statements, no probable cause can be found to exist. We disagree.

Appellant relies upon the leading case of *Pippin v. Leach,* 188 Colo. 385, 534 P.2d 1193 (1975), to support his claim. We said in that case:

"[P]robable cause must be established by the extradition documents if extradition is to occur, and nothing short of probable cause will suffice. . . . An arrest based upon a criminal act committed in Colorado must be supported by probable cause. It would be folly to suggest that comity between the states permits a lesser standard for arrest when arrest is occasioned by the demand of a sister state for extradition." *Id.* at 389, 534 P.2d at 1195.

We find Appellant's reliance upon *Pippin* to be misplaced. *Pippin* dealt with whether sufficient underlying facts and circumstances were set forth in the supporing affidavit to allow a Colorado court to conclude that probable cause existed. The rule, under the applicable fourth amendment standard, is that no general allegation of criminal conduct will suffice. *Norrod v. Bower,* 187 Colo. 421, 532 P.2d 330 (1975); *People v. McFall,* 175 Colo. 151, 486 P.2d 6 (1971).

In the present case, however, it is agreed that the underlying facts and circumstances are *adequate* to supply probable cause. The true issue here is the *reliability* of the supporting affidavit. This court has spoken many times on the subject of reliability of extradition affidavits, and today we reiterate our rule that affidavits based on hearsay are not *per se* unreliable. Here the police officers who secured the evidence necessary to establish probable cause were themselves the informants, and the affiant to whom they gave their collective information was also a law enforcement official.

We find *Allen v. Cronin,* 189 Colo. 540, 543 P.2d 707 (1976), dispositive of the present case. We held there that the hearsay statements of an investigating police officer did not render an extradition affidavit deficient because the affidavit clearly identified the absent police officer. Likewise, we find this affidavit sufficient to establish probable cause. *Accord, Graham v. Vanderhoof,* 185 Colo. 334, 524 P.2d 611 (1974); *Henry v. McArthur,* 122 Colo. 474, 223 P.2d 621 (1950).

Affirmed.

MR. JUSTICE KELLEY does not participate.