## No. 79SA508

**Robert L. Jackson, a/k/a Ronnie Lee Jensen v. Dan Cronin, Manager of Safety and Excise, and Ex-Officio Sheriff of the City and County of Denver, and Wayne K. Patterson, Warden of the Jail, City and County of Denver.**

(610 P.2d 103)

Decided April 21, 1980.

---

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Shelley Gillman, Deputy, for petitioner-appellant.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Mary J. Mullarkey, Solicitor General, John Daniel Daily, Assistant Attorney General, for respondents-appellees.

*En Banc.*

Per Curiam

The petitioner Jackson appeals the trial court's denial of his petition for writ of habeas corpus. He asserts that the extradition request by the state of Kansas was insufficient in that it alleged escape from custody as the basis for his return to the demanding state of Kansas but failed to include a copy of the judgment of conviction or resulting sentence. Section 16-19-104, C.R.S. 1973 (now in 1978 Repl. Vol. 8). We disagree.

The issue which has been raised here has already been settled by this court in *Norrod v. Bower,* 187 Colo. 421, 532 P.2d 330 (1975).[1]

Judgment affirmed.

---

[1] *Norrod* states:

"Appellant further argues that the extradition documents should not have been predicated on appellant's alleged commission of the substantive crime of escape. Rather, he claims the extradition should have been based upon that alternate portion of the statute, C.R.S. 1963, 60-1-3 [now section 16-19-104, C.R.S. 1973], which allows extradition of a person who has escaped from confinement. He contends that since the extradition documents did not include a copy of the judgment of conviction or of the sentence imposed in execution thereof, the documents are insufficient. In answer, we merely point out that it is fundamental that the statutory grounds of section 60-1-3, which are required to be set forth in the form of demand for execution, are stated in the alternative. If any one ground is adequately set forth as required by the statute, then the demand is sufficient in form to authorize the execution of the personal demand."