Carol Louise ALLEN and Terry Allen, Petitioners-Appellants,

v.

Brad LEACH, Respondent-Appellee.

No. 79SA484.

Supreme Court of Colorado.

April 20, 1981.

Rehearing Denied May 11, 1981.

Lee Allen Hawke, Boulder, for petitioners-appellants.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Mary Ricketson, Asst. Atty. Gen., Denver, for respondent-appellee.

LEE, Justice.

Appellants, Carol Louise Allen and Terry Allen, appeal from the discharge of their writs of habeas corpus in an extradition proceeding. We affirm the district court.

The state of Kansas seeks to extradite the Allens, who are charged in the District Court of Marion County, Kansas, with two counts of first-degree murder and one count of conspiracy to commit first-degree murder.

In early February 1978, the Allens were arrested in Boulder County, Colorado, on warrants issued by the District Court of Marion County, Kansas. Extradition documents were forwarded to the Governor of Colorado, who issued a governor's warrant for the arrest of the Allens on March 3, 1978. The Allens filed separate petitions for habeas corpus on March 30, 1978.

An amended set of extradition documents was filed against Terry Allen in early April 1978, pursuant to which, on April 4, 1978, Governor Lamm issued an Executive Order recalling his original warrant for the arrest of Terry Allen and authorizing the issuance of a new governor's warrant based upon the first amended extradition documents. Section 16–19–122, C.R.S. 1973 (1978 Repl. Vol. 8).

On July 28, 1978, Kansas filed another set of amended extradition documents for both of the Allens. On August 4, 1978, Governor Lamm again issued an Executive Order recalling all previous governor's warrants and issuing new governor's warrants based upon the second amended extradition documents. The petitioners and the respondent were permitted to file amended petitions for habeas corpus and an amended return.

After hearing, the district court entered detailed findings of fact and conclusions of law, and ordered that the writs of habeas corpus be discharged and the proceedings be dismissed with prejudice. The Allens then appealed.

I.

The Allens argue that the district court lacks jurisdiction over them since the original complaints filed against them in Kansas were dismissed by the state of Kansas. They cite no authority for this proposition and under the circumstances of this case we reject it as being without merit.

The record shows that the last amended extradition documents were based on second amended complaints in the Kansas district court, supported by affidavits which the district judge specifically found sufficient to establish probable cause. The governor of an asylum state is specifically authorized by section 16–19–122, C.R.S. 1973, to recall his warrant of arrest and to issue another warrant whenever he deems it proper. Because of the second amended complaints, it was necessary that the warrants be recalled and new warrants issued. The court clearly retained jurisdiction over the Allens during this procedure. Moreover, the Allens have failed to establish any

prejudice from the delay occasioned by the course of the proceedings. *Compare Williams v. Leach*, 194 Colo. 374, 572 P.2d 481 (1977); *People v. McFall*, 175 Colo. 151, 486 P.2d 6 (1971) (courts of asylum state may allow time for amendment of extradition documents by demanding state to correct apparent deficiencies).

## II.

Carol Allen argues that since the extradition documents from Kansas are not in order "on their face" the district court should have examined the documents to determine if there was probable cause to charge her with an offense. We do not agree.

■ As previously noted, the judge of the Kansas district court determined that there was probable cause to charge Carol Louise Allen with two counts of murder and one count of conspiracy to commit murder. It is firmly established that a determination of probable cause by a neutral magistrate of the demanding state is binding upon the courts of any asylum state, which are without power to review that determination. *Michigan v. Doran*, 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978); *Thomeczek v. Bray*, 198 Colo. 341, 600 P.2d 66 (1979); *Moore v. Miller*, 198 Colo. 24, 596 P.2d 64 (1979).

## III.

■ Carol Allen further argues, however, that the magistrate who determined that there was probable cause to charge her with the offenses was not neutral since the Kansas judge issued at least three warrants for the Allens' arrest, relying on additional, conflicting information with each new warrant. The district court here found contrary to this assertion that there was a total absence of any competent evidence in the record to support the claim that the Kansas judge was not a neutral judicial officer. The record supports this finding.

## IV.

■ Terry Allen also challenges the finding of probable cause to believe that he committed the crimes of which he was charged. Unlike Carol Allen, it was stipulated that Terry Allen was not a "fugitive." His extradition was sought under section 16–19–107, C.R.S. 1973 (1978 Repl. Vol. 8), which provides:

"The governor of this state may also surrender, on demand of the executive authority of any other state, any person in this state charged in such other state in the manner provided in section 16–19–104 with committing an act in this state, or in a third state, intentionally resulting in a crime in the state whose executive authority is making the demand, and the provisions of this article not otherwise inconsistent shall apply to such cases, even though the accused was not in that state at the time of the commission of the crime, and has not fled therefrom."

Thus, the state of Colorado is not constitutionally required to deliver him to the state of Kansas. *U.S. Const.*, art. IV, sec. 2.

■ The rendition of a nonfugitive is permissible as a matter of executive discretion. *Conrad v. McClearn*, 166 Colo. 568, 445 P.2d 222 (1968). Section 16–19–107 provides that the governor of this state "may also surrender" the nonfugitive who is charged with committing an act in this state "intentionally resulting in a crime" in the demanding state. The statute further makes the provisions of the Uniform Criminal Extradition Act "not otherwise inconsistent" applicable to the nonfugitive accused. The nonfugitive thus receives the same procedural safeguards as does the fugitive. Despite any statutory differences as concerns the fugitive and the nonfugitive, we do not find it inappropriate to apply the rule of *Michigan v. Doran, supra,* that a determination of probable cause by a neutral magistrate of the demanding state is binding upon the courts of the asylum state and a redetermination of probable cause in the asylum state is thus unnecessary.[1] We, therefore, are unpersuaded by Terry Allen's argument in this respect.

The judgment is affirmed.

1. The record here indicates that the trial judge made an independent examination of the affidavits and exhibits contained in the extradition documents and found that there was probable cause for the arrest and extradition of Terry Allen as a nonfugitive. We also agree with this conclusion.