## No. 25391

**Orlando A. Coca, Lupe C. Coca v. The Sheriff of the City and County of Denver and The People of the State of Colorado, et al.**

(517 P.2d 843)

Decided January 14, 1974.

Frickey, Cairns and Wylder, P.C., Earl S. Wylder, for petitioners-appellants.

John P. Moore, Attorney General, John E. Bush, Deputy, Tennyson W. Grebenar, Assistant, for respondents-appellees.

*In Department.*

Opinion by MR. JUSTICE GROVES.

We have before us two habeas corpus proceedings in which it was ruled that the extradition proceedings against the petitioners should be sustained. We affirm.

In their brief the petitioners argue that there was insufficient evidence of their identity, but on oral argument they correctly conceded that there was no merit to this argument.

The extradition proceedings were predicated upon a criminal complaint filed in the municipal court of Los Angeles, California. This complaint was verified before a magistrate of that court and it incorporated by reference attached investigative reports. These reports set forth in considerable detail the following alleged circumstances: A confidential informant arranged to purchase approximately 25,000 Amphetamine tablets from the petitioners for $500. One of the petitioners instructed the informant to meet him at a specified place for delivery of the tablets by another person. While under the surveillance of at least two narcotic agents, the informant met the petitioner at the prearranged place and gave him $500 of identifiable state funds. This petitioner then instructed the informant to pick up the Amphetamines from the other petitioner who was parked nearby in a camper truck. The delivery of 24,000 Amphetamine tablets was thus completed.

I.

The petitioners contend that probable cause was not shown. That probable cause was shown is so obvious that the matter does not merit further discussion.

II.

The complaint incorporated by reference "6 pages." There were attached two duplicate sets of investigative reports, each set containing six pages. The petitioners argue

that, since the complaint referred to six pages and since 12 pages were attached, it is impossible to tell which six pages were referred to. The two sets being duplicates, it is apparent that whoever stapled the reports to the complaint inadvertently stapled two sets instead of one. We have no problem with the identification of the reports. Even if we did, we would simply send the matter back for correction of the clerical error. *People v. McFall*, 175 Colo. 151, 486 P.2d 6 (1971).

### III.

■ Quoting *Hithe v. Nelson,* 172 Colo. 179, 471 P.2d 596 (1970), the petitioners insist that the papers are defective because there was not an affidavit accompanying the complaint. The statute uses the language that the demand shall be "accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime." C.R.S. 1963, 60-1-3. We can see no meaningful distinction between a properly verified complaint which incorporates attached factual matter by reference and an unverified information with supporting affidavit.

Judgments affirmed.

MR. JUSTICE DAY, MR. JUSTICE LEE and MR. JUSTICE ERICKSON concur.