MR. JUSTICE ERICKSON
delivered the opinion of the Court.
The appellant, Jerry Michael Moog, was arrested in Mesa County, Colorado, on April 10, 1977, on the charge that he was a fugitive from the State of California. He Filed a petition for a Writ of Habeas Corpus. The district court denied relief. On appeal we reverse and direct that the appellant be discharged.
Requisition documents were forwarded to Colorado by the California authorities and the Governor of Colorado issued a warrant. The relevant, duly authenticated extradition documents filed by the State of California are:
(1) The complaint and amended complaint filed in the Justice Court of El Dorado County, California, charging Petitioner with Conspiracy to Manufacture Methamphetamine.
(2) The affidavit of a law enforcement officer setting forth facts which caused the complaint and amended complaint to be filed.
(3) Copies of the applicable California Criminal Statutes.
(4) A request from the Governor of the State of California to the Governor of the State of Colorado.
The issue on appeal is whether the extradition documents establish probable cause that the appellant committed a crime in the State of California. The appellant is charged with felony of conspiracy to manufacture methamphetamine. Cal. Penal Code, Section 182. We hold that the *239 extradition documents fall short of the requirements which we set out in Pippin v. Leach, 188 Colo. 385, 534 P.2d 1193 (1975). The affidavit, in this extradition case, is the key document and fails to set forth facts and circumstances which establish probable cause. In pertinent part, the affidavit provides:
“1. That he [the affiant] is an Inspector employed by the El Dorado County Sheriff’s Department and that his duties relate primarily to the area of narcotics enforcement.
“2. That on January 24, 1977, Agent Vernon Stephens of the Drug Enforcement Administration, United States Department of Justice, conducted a surveillance of the Bay-Ox Company, a supplier of chemicals located in San Francisco, California. That as an incident of the surveillance said Agent Stephens caused a cylinder in the inventory and custody of Bay-Ox to be marked with his initials. That during the course of said date, Jerry Michael Moog was observed to purchase and obtain from Bay-Ox a cylinder of mono-methylamine gas. Mono-methylamine gas is one of the precursor chemicals used in the manufacture of methamphetamine, a controlled substance. Moog took into his custody the cylinder which had been marked by Stephens as described above. Following receipt of the cylinder, the said Jerry Michael Moog entered a tan 1965 Ford pickup truck. Moog drove the truck to a small parking lot where the truck remained for approximately ten minutes. Moog then drove the truck to the area of Eddy and Taylor Streets in San Francisco. Agent Stephens then observed Moog to drive back and forth within a ten-square block area for a period of approximately one and one-half hours, at which point it was determined by agents to discontinue efforts rather then compromise the surveillance vehicles.
“3. On February 11, 1977, at approximately 6:30 P.M., this affiant and Agent Sayne Tellis and Criminalist Duane Lovaas of the California State Department of Justice, Agents Bruce Wakabayashi and the aforesaid Vern Stephens, and others, pursuant to a search warrant, searched the premises of one Harlan Lewis located near Mt. Aukum, California, which was then being rented by Elyse Anderson and Michael Roy Crane. The purpose of the search was to find narcotics, narcotic paraphernalia, and items indicating the use, sale, or presence of narcotics. Upon searching the premises, a multitude of chemicals and containers connected with the manufacture of methamphetamine as well as a laboratory set-up in a shed near the house which was being used for the manufacture of methamphetamine were found. A preliminary analysis of the fruits of the search confirmed the presence of 220.5 grams of methamphetamine, the three precursor chemicals from which phenyl-2-propanone is made, and cylinder of mono-methylamine. Phenyl-2-propanone is also a precursor chemical for the manufacture of methamphetamine. During the course of the aforesaid search, Agent Stephens examined a cylinder of mono-methylamine noting *240 it to be the identical cylinder which he had marked with his initials at the Bay-Ox Company, as herein described.
“4. That Jerry Michael Moog is a white male, age 27, having brown hair, hazel eyes, being five feet nine inches tall, and weighing 160 pounds.”
Nothing in the record ties the appellant to the house, or to the individuals who were identified as the occupants of the house, except the initialed cylinder of mono-methylamine gas which the appellant purchased eighteen days before the search was conducted. Possession of monomethylamine is not a crime. The chemical which the appellant purchased is a precursor chemical which is used in the manufacture of the controlled substance drug, methamphetamine.
No indictment or information supports the charge against the appellant. Probable cause to support the charge of conspiracy to manufacture methamphetamine does not appear in the record.
The appellee has given no indication that other evidence exists to connect the appellant to the illegal operation. Consequently, no good purpose would be served by affording the demanding state additional time to submit revised or amended extradition documents. See People v. McFall, 175 Colo. 151, 486 P.2d 6 (1971).
Accordingly we reverse the district court and direct that the appellant be discharged.
MR. JUSTICE LEE dissents.
MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE KELLEY do not participate.