# No. 28168

## Charles Edward Moore, Jr. v.
## Arnold MIller, Sheriff, Arapahoe County

(596 P.2d 64)

Decided June 11, 1979.                    Rehearing denied July 2, 1979.

J. Gregory Walta, Colorado State Public Defender, Craig L. Truman, Chief Deputy, Thomas M. Van Cleave, III, Deputy, for petitioner-appellant.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Edward G. Donovan, Solicitor General, Anthony Marquez, Assistant, for respondent-appellee.

*En Banc.*

MR. CHIEF JUSTICE HODGES delivered the opinion of the Court.

The petitioner-appellant was arrested in Colorado and held for extradition to Kansas. He filed a petition for a writ of habeas corpus alleging that the extradition request was insufficient because the extradition documents failed to include an affidavit issued prior to and in support of the arrest warrant and because the affidavits which were issued failed to establish probable cause. After hearing, the trial court discharged the writ of habeas corpus. We affirm its judgment.

The extradition documents provided by the state of Kansas included authenticated copies of a complaint, a warrant, and supporting affidavits. The complaint charged the petitioner-appellant with the crimes of kidnapping, aggravated robbery, and first-degree murder; the arrest warrant, which was issued on December 3, 1977, contained a finding by the Kansas court that "there is probable cause to believe both that the alleged crimes have been committed and that the defendant committed the crimes alleged"; the affidavits, which were issued on January 13, 1978 and on January 25, 1978, detailed the particulars of the crime and the evidence of petitioner's involvement.

■ Section 16-19-104, C.R.S. 1973, provides in part that the Governor of Colorado shall not recognize a demand for extradition unless the request is accompanied "by information supported by affidavit." In *Wood v. Leach,* 189 Colo. 361, 540 P.2d 1084 (1975), this court held explicitly that where an information is included in the extradition request, as in the present case,[1] whether the supporting affidavit antedates or postdates the arrest warrant is immaterial:

"Whether the affidavits establishing probable cause were executed before or after the charging document is immaterial, provided that the extradition documents, when viewed in their entirety, establish probable cause that the person to be extradited committed the offense."

■ Alternatively, petitioner argues that even if the affidavits in this case refer back to the arrest warrant, they are, nevertheless, insufficient because they fail to set forth sufficient facts to establish probable cause. In *Michigan v. Doran,* 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978), the United States Supreme Court held that a determination of probable cause by a neutral judicial officer of the demanding state is binding upon the courts of the asylum state. In the present case, the warrant provided by the state of Kansas contains such a determination.

Accordingly, we affirm the order of the trial court discharging the writ of habeas corpus.

---

[1] For purposes of extradition, a complaint is treated as the equivalent of an information. *See Coca v. Sheriff of the City & County of Denver,* 184 Colo. 11, 517 P.2d 843 (1974); *Fox v. People,* 161 Colo. 163, 420 P.2d 412 (1966).