## No. 28412

### Gerald Lee Dietz v. Brad Leach, Sheriff of Boulder County, State of Colorado

(607 P.2d 993)

Decided March 10, 1980.                    Rehearing denied March 31, 1980.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Michael Heher, Deputy, for petitioner-appellant.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Edward G. Donovan, Solicitor General, John Daniel Daily, Assistant, Appellate Section, for respondent-appellee.

*En Banc.*

JUSTICE LEE delivered the opinion of the Court.

Appellant, Gerald Lee Dietz, appeals from the discharge of his writ of habeas corpus in an extradition proceeding. We affirm the district court.

Appellant was arrested in Longmont, Colorado, on the basis of an arrest warrant issued in California charging him with grand theft under Cal. Pen. C. § 487.1 (Deering). The Governor of California signed the requisition demand and the Colorado governor's warrant was subsequently issued.

Appellant challenges the validity of the governor's warrant because the California requisition (1) does not include a warrant based upon the complaint, and (2) because the record fails to reveal a proper judicial determination of probable cause.

We find no merit in appellants' contentions. First, we have reviewed the extradition documents and find that they are in order. Section 16-19-104, C.R.S. 1973, requires that an extradition demand be accompanied by "a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon . . . ."

Initially, a felony complaint, verified before the clerk of the court, was filed in the municipal court of Santa Barbara County, California, on April 26, 1978, charging appellant with grand theft. This was supported by a Declaration In Support of Arrest Warrant by Officer R. A. Breza, executed on April 21, 1978, "under penalty of perjury."[1] The declaration

---

[1] *See* Cal. C.C.P. § 2015.5 (West), which recognizes that a statement declared to be true "under penalty of perjury" is equivalent to an affidavit made under oath in situations where an affidavit is required.

recited in extensive detail the transaction out of which the grand theft charge arose. Pursuant to this complaint and declaration, a warrant was issued by the magistrate on April 28, 1978.[2]

Thereafter, a first amended felony complaint, verified by the judge of the same court, charging appellant with the same crime, was filed on July 17, 1978. The California governor's requisition, dated August 7, 1978, was based upon the first amended felony complaint, together with authenticated copies of the foregoing documents. A second declaration in support of the arrest warrant, identical in content with the initial declaration, was sworn to by Officer Breza before a judge of the same court on August 18, 1978.

■ Assuming *arguendo* that the supporting declaration was insufficient to support the issuance of the warrant in April, still, the supporting affidavit of August 18, together with the amended complaint, satisfied the requirements of section 16-19-104, C.R.S. 1973. In *People v. McFall,* 175 Colo. 151, 486 P.2d 6 (1971), this court granted the People time to cure a defective affidavit submitted by the demanding state. Here, the alleged defect was cured before the Colorado governor ordered extradition on August 23, 1978. In *Wood v. Leach,* 189 Colo. 361, 540 P.2d 1084 (1975), on facts somewhat similar to those now before us, we stated:
"Whether the affidavits establishing probable cause were executed before or after the charging document is immaterial, provided that the extradition documents, viewed in their entirety, establish probable cause that the person to be extradited committed the offense."

We also reject appellant's contention that the record fails to reveal a proper judicial determination of probable cause. The United States Supreme Court has held that "when a neutral judicial officer of the demanding state has determined that probable cause exists, the courts of the asylum state are without power to review the determination." *Michigan v. Doran,* 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978). As we have previously noted, based on a verified complaint, the municipal court of Santa Barbara County issued an arrest warrant for appellant. Such a warrant is issued only if the magistrate "is satisfied from the complaint that the offense complained of has been committed and that there is reasonable ground to believe [probable cause] that the defendant has committed it . . . ." Cal. Pen. C. § 813 (West).

■ We cannot question the determination of probable cause by the California court "Under Art. IV, § 2, the courts of the asylum state are

---

[2] This court has recognized that a verified complaint is the same as an information for purposes of extradition. *Coca v. Denver Sheriff,* 184 Colo. 11, 517 P.2d 843 (1974).

bound to accept the demanding state's judicial determination since the proceedings of the demanding state are clothed with the traditional presumption of regularity." *Michigan v. Doran, supra.*

We reiterate that appeals in extradition matters, based on technicalities such as are presented in this case, are a waste of judicial time. *Howe v. Cronin,* 197 Colo. 17, 589 P.2d 930 (1979).

Accordingly, we affirm the judgment of the district court.