**Joseph Michael BREAULT, Petitioner-Appellant,**

v.

**Bill WILSON, Superintendent, Centennial Correctional Facility, Respondent-Appellee.**

No. 81SA221.

Supreme Court of Colorado, En Banc.

May 17, 1982.

Rehearing Denied June 1, 1982.

J. Gregory Walta, Colorado State Public Defender, Jody Sorenson Theis, Deputy State Public Defender, Denver, for petitioner-appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for respondent-appellee.

HODGES, Chief Justice.

Appellant Joseph Michael Breault is an inmate at the Colorado State Penitentiary. A request for temporary custody initiated by officials of Saline County, Arkansas, to return appellant to Arkansas for trial on charges of capital felony murder, kidnapping and rape, was filed pursuant to the Interstate Agreement on Detainers, section 24–60–501, C.R.S. 1973.

Consistent with this court's ruling in *Moen v. Wilson*, 189 Colo. 85, 536 P.2d 1129 (1975), the appellant challenged his return to Arkansas by petitioning for a writ of habeas corpus in the district court. In support of the petition, it was argued that the detainer papers were defective for failing to set forth any evidence of probable cause as to the commission of the crimes alleged to have been committed in Arkansas. At the district court hearing on the petition, the district attorney introduced an order issued by the Circuit Court of Saline County, Arkansas, which set forth a finding of probable cause as to the charges against the appellant. The district court discharged the writ of habeas corpus and ordered appellant's return to Arkansas for trial. We affirm.

We reject the appellant's claim that the documents provided by the State of Arkansas failed to establish probable cause that he committed the crimes alleged. *Michigan v. Doran*, 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978), holds that a determination of probable cause by a neutral judicial officer of the demanding state is binding on the courts of the asylum state. *Accord, Moore v. Miller*, 198 Colo. 24, 596 P.2d 64 (1979); *Lopez v. Cronin*, 193 Colo. 486, 568 P.2d 43 (1977). In the present case, the documents provided by Arkansas contain such a determination.

We find no merit in the appellant's claim of prejudicial error in connection with the district court's refusal to grant his counsel an extended recess to review the probable cause order of the Circuit Court of Saline County, Arkansas.

We affirm the judgment of the district court discharging the writ of habeas corpus.