Robert W. LUTRELL,
Petitioner-Appellee,

v.

L.R. WILLIAMS, Sheriff of Mesa
County, Respondent-Appellant.

No. 82SA196.

Supreme Court of Colorado,
En Banc.

March 14, 1983.

Stephen A. Hodge, Grand Junction, for petitioner-appellee.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for respondent-appellant.

NEIGHBORS, Justice.

This is an appeal from the decision of the Mesa County District Court granting the petitioner habeas corpus relief. The district court concluded that the extradition documents from the State of Arkansas were deficient because they failed to contain a finding by an Arkansas judicial officer that probable cause existed to believe that the petitioner committed the crimes charged in that state. We reverse and remand this case with directions.

The petitioner was arrested in Rifle, Colorado on June 26, 1981, by agents of the Federal Bureau of Investigation. The petitioner was arrested pursuant to a federal warrant charging him with unlawful flight to avoid prosecution in violation of U.S.C. Title 18, Section 1073. The federal authorities elected not to prosecute the petitioner because the State of Arkansas requested his return to that state to face criminal charges of theft by receiving, first-degree escape, theft of property and being an habitual criminal.

The petitioner filed his first petition for a writ of habeas corpus which was heard on July 11, 1981. The trial court denied the relief, finding that the petitioner was not illegally confined pending arrival of the governor's warrant and the requisition documents.

On August 31, 1981, the governor's warrant and requisition documents were filed in the district court. The petitioner filed a second petition for writ of habeas corpus together with a motion to reconsider the court's ruling on the first petition. A hearing was held in the trial court on September 28, 1981. The court found that all of the petitioner's arguments were without merit and ordered the petitioner extradited to the State of Arkansas.

The petitioner appealed the trial court's decision to this court. *See Lutrell v. Williams,* Case No. 81SA528. The trial court's order of extradition was stayed pending resolution of the appeal.

Before his opening brief was filed in Case No. 81SA528, the petitioner requested and obtained a limited remand from this court for the purpose of litigating the propriety of the governor's warrant on the ground the documents supplied by the Arkansas officials failed to contain a judicial determination of probable cause. The order of limited remand was entered by this court on March 3, 1982.

The trial court held a hearing on the issue specified in the limited remand on April 13, 1982. After hearing oral arguments, the court took the case under advisement.

The trial court issued its written ruling and order on April 14, 1982, concluding that "[u]nder *Michigan v. Doran,* [439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978)], and particularly under the separate opinion of Justice Blackmun," requisition documents must contain a finding of probable cause by a magistrate in the demanding state. Because the Arkansas documents contained no such finding, the petitioner was ordered released from custody. The trial court granted a stay of the order of release pending resolution of this appeal.[1]

On May 12, 1982, the respondent filed a motion to reconsider in the trial court. The respondent had received a supplemental document from the State of Arkansas entitled "Judge's Affidavit of Probable Cause,"

which contains an express finding of probable cause by an Arkansas judge. Since the notice of appeal had been filed, the silence in the record indicates that the trial court did not consider or rule on the respondent's motion for reconsideration.

The respondent filed his opening brief in this court on July 23, 1982. The petitioner has failed to file an answer brief. On February 22, 1983, this court granted the respondent's motion to deem the case at issue and to expedite decision on appeal. Accordingly, this case is at issue.

I.

Since 1975, Colorado courts have required a showing of probable cause before extraditing a fugitive to a sister state. In *Pippin v. Leach,* 188 Colo. 385, 534 P.2d 1193 (1975), we held:

"[P]robable cause must be established by the extradition documents if extradition is to occur. . . .

. . . .

"When extradition is sought by the demanding state . . . the accused stands charged with the commission of a crime and is, therefore, entitled to the protections afforded by the Fourth Amendment. . . . 'There is no reason why the Fourth Amendment, which governs arrests, should not govern extradition arrests.'" (quoting *Kirkland v. Preston,* 385 F.2d 670 (1967)).

188 Colo. at 389, 534 P.2d 1193.

■ Probable cause may be determined by the courts in either the demanding or the asylum state. In *Pippin v. Leach, supra,* we held that "[i]f the requisition documents substantiate the fact that probable cause was determined in the demanding state, then, in the absence of other defects, extradition should occur." *Id.* at 390, 534 P.2d 1193. In *Lopez v. Cronin,* 193 Colo. 486, 568 P.2d 43 (1977), we summarized the law as follows:

"The requirement [that a judicial determination of probable cause occur be-

---

1. The district attorney, on behalf of the People, filed his notice of appeal in this case rather than Case No. 81SA528, which was dismissed by this court on November 26, 1982.

fore a fugitive can be extradited from Colorado] is satisfied if the trial court finds either that probable cause exists or that the demanding state has made a finding of probable cause. The trial court in the instant case held that the judge in [the demanding state] had found probable cause.... But the record is devoid of support for the trial court's conclusion.

"However, our requirement is also met if probable cause is in fact established by the extradition papers. Here, the affidavits filed in support of extradition establish probable cause."

193 Colo. at 487, 568 P.2d 43.

■ We believe the trial court misapplied the United States Supreme Court's decision in *Michigan v. Doran, supra.* In that case the Supreme Court held only that the determination of probable cause `by a neutral judicial officer of the demanding state is binding upon the courts of the asylum state. *Moore v. Miller,* 198 Colo. 24, 596 P.2d 64 (1979). We do not read *Michigan v. Doran, supra,* as imposing a requirement that probable cause must be determined by the

courts of the demanding state. The fourth amendment interests of a person against whom extradition is sought are equally protected upon a habeas corpus review where the courts of the asylum state examine the extradition documents to determine whether probable cause has been found by a neutral court in the demanding state. If no determination of probable cause by the courts of the demanding state appears in the extradition documents, the courts in the asylum state are required to make an independent determination from the extradition documents as to whether probable cause exists. Our post-*Doran* decisions have continued to apply the rule that probable cause may be determined in either the demanding or the asylum state. *See Allen v. Leach,* 626 P.2d 1141 (Colo.1981); *Dietz v. Leach,* 199 Colo. 293, 607 P.2d 993 (1980); *Moore v. Miller, supra.*

## II.

■ We have carefully reviewed the extradition documents contained in the record. We have examined the affidavit of Don Taylor at length.[2] The affidavit clearly

2. The text of Mr. Taylor's affidavit is as follows:

*"Affidavit*

Comes now Don Taylor and being first duly sworn states upon oath:

My name is Don Taylor, and I am an Investigator with the Arkansas State Police. On March 12, 1981, I was contacted by Ross Valentine, a Trooper with the Arkansas State Police, concerning Robert Luttrell. Trooper Valentine informed me that he had arrested Robert Luttrell on March 12, 1981, for the offense of Public Intoxication and at the time of his arrest, Robert Luttrell had in his possession three (3) credit cards bearing the name of Diane D. Schultz.

On March 13, 1981, I contacted Diane D. Schultz by telephone. Diane Schultz works for the Inland Company in Little Rock, Arkansas. Mrs. Schultz informed me that her purse had been stolen on March 11, 1981; and that the Little Rock, Arkansas, Police Department had made a report on the theft. Mrs. Schultz also told me that at the time her purse was stolen, it contained among other items her American Express card, Mastercharge card, and Amoco Oil Company card. These are the three cards which were found by Trooper Valentine in Robert Luttrell's possession on March 12, 1981, as

Mr. Luttrell was being booked on the charge of Public Intoxication.

During my investigation of Robert Luttrell, I have obtained a transcript of his criminal record from the files of the Arkansas State Police which files are housed in Little Rock, Arkansas. This transcript revealed that Robert Luttrell had a felony conviction in the state of Missouri for which he had served time in the Missouri State Penitentiary; and a felony conviction in Washington County, Arkansas, for which he served time in the Arkansas State Penitentiary.

On March 13, 1981, I informed Ron Fields, the Prosecuting Attorney for Arkansas' Twelfth Judicial District, of the results of my investigation of Robert Luttrell. An information was thereafter filed charging Robert Luttrell with the offenses of Theft by Receiving and Habitual Offender.

On April 25, 1981, Trellon Ball, Sheriff of Crawford County, Arkansas, told me that Robert Luttrell had escaped from the Crawford County Jail. Sheriff Ball also stated to me that Robert Luttrell and another prisoner, Robert Pugh, II, persuaded Gene Spear, the Crawford County Jailer, to open their cell, and when he did, Robert Luttrell and Robert Pugh, II, hit and choked Mr. Spear until he was almost unconscious. According to Sheriff Ball, Robert Luttrell and Robert Pugh, II, locked Gene Spear in

establishes probable cause to believe that the petitioner committed the crimes of theft by receiving,[3] escape,[4] and theft of property.[5] Therefore, the petitioner must be extradited to the State of Arkansas.[6]

### III.

The decision of the district court is reversed. This case is remanded to the district court with directions to discharge the writ of habeas corpus and remand the petitioner to the custody of the Mesa County Sheriff for delivery to the appropriate authorities from the State of Arkansas.

their cell and escaped using a pickup truck belonging to Mr. Spear. On April 28, 1981, an information was filed by the Prosecuting Attorney for Arkansas' Twelfth Judicial District charging Robert Luttrell with 1st Degree Escape and Theft of Property.

3. Section 41–2206, Ark.Stat.Ann.1947 (1977 Repl.Vol. 4).

4. Section 41–2810, Ark.Stat.Ann.1947 (1977 Repl.Vol. 4).

5. Section 41–2203, Ark.Stat.Ann.1947 (1977 Repl.Vol. 4).

6. We have also examined the "Judge's Affidavit of Probable Cause" signed by the Honorable Robert E. Boyer which appears in the record. This document was not considered by the trial court. However, the document establishes that a judge of the State of Arkansas has now made a determination that there is probable cause to believe the defendant committed the crimes charged in the pending information filed against him in that state.