**Allen Peyton RICHARDSON, Petitioner-Appellant,**

v.

**Patrick SULLIVAN, Sheriff of the County of Arapahoe, Respondent-Appellee.**

No. 84SA7.

Supreme Court of Colorado, En Banc.

May 20, 1985.

Rehearing Denied June 10, 1985.

John T. Hyland, Denver, for petitioner-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Eric Perryman, Asst. Atty. Gen., Denver, for respondent-appellee.

NEIGHBORS, Justice.

The petitioner, Allen Peyton Richardson (Richardson), appeals from the district court's ruling denying him habeas corpus relief in extradition proceedings initiated by the State of Florida. He is charged in Florida with first-degree murder in violation of Fla.Stat.Ann. § 782.04 (West 1976). Richardson first claims that the Florida circuit court's finding of probable cause is not binding on Colorado courts because the procedure for determining probable cause which was followed by the court in the demanding state is constitutionally defective under the fourth amendment to the United States Constitution. He also argues that the trial court's finding that he is a fugitive from the State of Florida is manifestly erroneous. We reject his arguments and affirm the judgment of the trial court.

### I.

The probable cause affidavit of Troy Cail, a Fort Myers, Florida Police Department Detective, contains the factual allegations pertinent to this appeal. On September 30, 1983, Dr. Thomas R. Connelly was shot in the abdomen as he was locking the front door of his office in Fort Myers, Florida. Before he died on October 4, 1983, as a result of the gunshot wound, Connelly stated that he had been facing his office door, heard footsteps running towards him, turned to face the sound and was shot. Connelly did not identify his assailant by name, but described him as a white male with graying hair, 5 feet 8 inches to 5 feet 10 inches in height, and late forties to early fifties in age. The victim also said he heard a vehicle drive away. Connelly had in excess of $200 in cash in his possession when he was shot, but the money was not taken.

One witness said that he was driving past the complex in which Connelly's office was located when he heard a gunshot and saw a white male, 58 to 62 years of age, about 6 feet 2 inches in height, and weighing about 190 pounds, walking toward a parked vehicle. The witness did not see any other people in the area. The witness heard a scream, saw the white male begin to walk faster, and observed him get into a car and leave the parking lot. The witness followed the car which he described as a four-door Cadillac with a tan vinyl roof over a yellow body bearing Florida license plate number PCT–602. The investigating officers learned that the license was registered to a 1979 Cadillac four-door sedan owned by Elana Richardson and Allen P. Richardson of Fort Myers, Florida.

The police then searched Connelly's files to determine if there was a connection between him and the Richardsons. The officers learned that Connelly had performed surgery on Elana Richardson on April 5, 1982,[1] and that she was the wife of Allen Richardson. The medical records indicated that Mrs. Richardson died on April 6, 1982, at 9:33 a.m. The police discovered in the medical file a sympathy card addressed to Connelly and signed by Allen P. Richardson. A handwritten message on the inside of the card stated: "Revenge is mine-Sayeth the Lord may God have mercy on your soul." Also inside the sympathy card, the police found a card commemorating the funeral services held for Mrs. Richardson on April 8, 1982, and a lock of black hair. The memorial service card contained the words "9:33 in the morning" written in red ink next to the date of death. Cail notes in his affidavit that Mrs. Richardson had black hair. These items were apparently mailed to Connelly in Fort Myers on March 12, 1983.

A second witness reported to the police that on September 30, 1983, he observed a Cadillac similar to the car described by the first witness drive out of the parking lot at the office complex. He also said that the driver and sole occupant of the Cadillac automobile met the general physical description of the suspect. Both witnesses assisted in the preparation of identi-kit composites of the person they saw driving the car from the parking lot. Photographs

---

1. The transcript of the habeas corpus hearing reveals that Mrs. Richardson had cancer.

of Richardson were obtained. Cail concluded that "[a] comparison of the known photographs and both composites reveal[s] many similarities in appearance." [2]

Cail also stated in his probable cause affidavit that Richardson was stopped for a traffic violation by Trooper John Byork of the Texas Highway Patrol in or near Bowie, Texas on September 20, 1983. At that time, Richardson was driving a yellow Cadillac with a brown top bearing Florida license plate number PCT–602. Richardson told Byork that he was en route to Florida from Colorado to visit his daughter and that he then intended to go to Mexico where he would take care of the estate of his wife who had died. Cail alleged in his affidavit that Richardson did not have a daughter who lived in Florida on September 20, 1983.

Finally, Cail stated that Richardson was arrested by officers of the Aurora Police Department in Aurora, Colorado on October 5, 1983.[3] At the time of his arrest, Richardson was driving a yellow Cadillac with a brown top, bearing expired Florida license plate number PCT–602.

Following his arrest, Richardson was confined in the Arapahoe County Jail. He filed his petition for a writ of habeas corpus on December 6, 1983.[4] A hearing on the petition began on January 4, 1984, and was concluded the following day. The trial court discharged the writ and this appeal followed.

## II.

The extradition documents establish that on October 4, 1983, Cail appeared before a county judge in Lee County, Florida and submitted an affidavit for a warrant to arrest Richardson. An arrest warrant was issued by the judge on that date. After Richardson was arrested in Colorado, Cail appeared before Lee County Circuit Judge R. Wallace Pack on October 18, 1983, and filed a probable cause affidavit in which he recited the facts set forth in section I of this opinion. Judge Pack made the following determination: "[I] hereby expressly find that there is probable cause to believe that the offense of Murder in the First Degree has been committed by ALLEN PEYTON RICHARDSON."

Richardson claims that Cail's probable cause affidavit and Judge Pack's finding of probable cause based on the affidavit do not comply with the requirements announced by this court in *Pippin v. Leach*, 188 Colo. 385, 534 P.2d 1193 (1975), and, therefore, he is entitled to an independent determination of probable cause by Colorado courts before he may be extradited to Florida. We reject his argument and hold that the affidavit and probable cause finding satisfy the *Pippin* standard.

■ In *Pippin*, 188 Colo. at 389, 534 P.2d at 1195, we held that "probable cause must be established by the extradition documents if extradition is to occur." We also stated in *Pippin* that "[i]f the requisition documents substantiate the fact that probable cause was determined in the demanding state, then, in the absence of other defects, extradition should occur." *Id.* at 390, 534 P.2d at 1196. Thus, probable cause may be determined in either the demanding or asylum state. *Lutrell v. Williams*, 660 P.2d 499 (Colo.1983); *Allen v. Leach*, 626 P.2d 1141 (Colo.1981). However, the determina-

2. Copies of both composites and the photographs were attached to Cail's affidavit.

3. Richardson was arrested pursuant to a warrant issued by a county judge in Lee County, Florida on October 4, 1984.

4. The petition was filed in the criminal case commenced by the Arapahoe County District Attorney in which the defendant was charged with being a fugitive in violation of section 16–19–114, 8 C.R.S. (1978). Accordingly, this case was originally captioned as *People v. Rich-*

*ardson,* rather than *Richardson v. Sullivan,* who is the Sheriff of Arapahoe County. The caption was corrected by order of this court on March 12, 1985, upon the motion of the attorney general. "Habeas corpus is a civil proceeding, and a person being detained upon a warrant of extradition and seeking a writ of habeas corpus should file a civil suit wherein he appears as petitioner and the person restraining him, such as the sheriff, is named as respondent." 6 T. Borrillo, *Colorado Practice, Criminal Practice and Procedure* § 1355 (1971).

tion of probable cause by a neutral judicial officer in the demanding state is binding upon the courts of the asylum state. *Michigan v. Doran,* 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978); *Lucero v. Martin,* 660 P.2d 902 (Colo.1983); *Moore v. Miller,* 198 Colo. 24, 596 P.2d 64 (1979). Accordingly, we are foreclosed from reconsidering the probable cause issue in light of the Florida court's finding on that question. *Johnson v. Cronin,* 690 P.2d 1277 (Colo. 1984); *see also Lutrell,* 660 P.2d at 501.

### III.

Richardson concedes that the People established a prima facie case that he was a fugitive from justice. Thus, the burden devolved upon Richardson to prove by clear and convincing evidence that he was not a fugitive from justice. *Lucero,* 660 P.2d at 907. He claims that he met his burden and that the trial court's ruling to the contrary is manifestly erroneous.

Richardson called three witnesses to testify on his behalf at the habeas corpus hearing. His daughter and son-in-law, with whom he lived in Aurora, testified that he was in Colorado with them on September 30, 1983, the date of the Florida homicide. The third witness, a neighbor who lived in the same apartment complex as Richardson, said he saw Richardson walking his dogs in Aurora on the morning of September 30.

At a habeas corpus hearing, the duty of the trial court is to weigh the evidence and determine the credibility of the witnesses. *Deas v. Cronin,* 190 Colo. 177, 544 P.2d 991 (1976). Here, the trial court discounted the testimony of Richardson's daughter and son-in-law on the basis of their family relationship. The court was likewise unpersuaded by the neighbor's testimony because the witness "seems to be able to pinpoint a critical date with nothing offered in the view of the court to support his pinpoint...."

On appeal, we are bound by the trial court's findings of fact when they are supported by adequate evidence in the record. *E.g., People v. Fish,* 660 P.2d 505 (Colo.1983). The decision of the trial court discharging the writ of habeas corpus and ordering the petitioner extradited to the State of Florida is supported by the record and is not manifestly erroneous. *Denbow v. Williams,* 672 P.2d 1011 (Colo.1983).

The judgment of the trial court is affirmed.

