Arthur L. SEMENDINGER, Petitioner,

v.

James BRITTAIN, Superintendent, Arkansas Valley Correctional Facility, Ordway, Colorado, Respondent.

No. 88SA2.

Supreme Court of Colorado,
En Banc.

March 27, 1989.

David F. Vela, State Public Defender, Ted Stavish, Deputy State Public Defender, La Junta, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for respondent.

LOHR, Justice.

This is a petition for certiorari [1] from an order of a district court discharging a writ of habeas corpus issued upon the petition of Arthur L. Semendinger, who is incarcerated in the Arkansas Valley Correctional Facility. Semendinger obtained the writ to challenge a request by which the district attorney for the County of San Bernardino, California, sought to obtain temporary custody of Semendinger for the purpose of bringing him to trial on a felony charge pending in that jurisdiction. We accept

---

1. The petitioner has sought review by appeal. As determined in part II of this opinion, however, review is available only by certiorari. We have elected to treat Semendinger's appeal as a petition for certiorari and have also elected to grant the petition and review his assertions of error on their merits. *See* part II of this opinion.

certiorari[2] to review the district court's order discharging the writ and now affirm.

## I.

The petitioner, Arthur L. Semendinger, was convicted of two counts of aggravated robbery in Gunnison County District Court and was sentenced on March 3, 1987, to the custody of the Department of Corrections for two consecutive terms of ten years each. He was incarcerated in the Arkansas Valley Correctional Facility near Ordway in Crowley County, Colorado. A detainer was lodged against Semendinger with the Department of Corrections by law enforcement officials of San Bernardino County, California, based on a murder charge pending against Semendinger in that jurisdiction, and pursuant to the Interstate Agreement on Detainers (IAD), §§ 24–60–501 to –507, 10B C.R.S. (1988). Thereafter, the district attorney for San Bernardino County filed a written request for temporary custody of Semendinger pursuant to article IV(a) of the IAD, § 24–60–501(IV)(a), 10B C.R.S. (1988), in order to obtain his presence in California to face trial on the murder charge. Semendinger then petitioned the Crowley County District Court for a writ of habeas corpus to contest the sufficiency of the request for temporary custody and to prevent Colorado authorities from permitting California officials to take custody of him pursuant to that request. In that petition, Semendinger asserted, among other things, that he was not the same person sought by California and that the documents requesting temporary custody failed to show probable cause for the charge pending in California. The court issued the writ[3] and scheduled a hearing.

At the hearing the People relied on the documents filed by the California authorities in support of the request for temporary custody and offered no additional evidence. Semendinger offered no evidence but relied instead on arguments that the documentation was insufficient to establish identity and probable cause. The district court disagreed, ordered the writ of habeas corpus discharged, and directed that the petitioner be returned to California pursuant to the request for temporary custody. The district court then stayed execution of the temporary custody order pending appeal and the petitioner sought review in this court.

## II.

The People contend that the petitioner has no right to appeal from discharge of the writ of habeas corpus but instead may seek review only by a petition for certiorari directed to this court. As authority for this position, the People rely on section 16–19–111, 8A C.R.S. (1986), a part of the Uniform Criminal Extradition Act, §§ 16–19–101 to –133, 8A C.R.S. (1986), and *Moen v. Wilson*, 189 Colo. 85, 536 P.2d 1129 (1975).

In *Moen v. Wilson* we considered a contention that the provision of article IV of the IAD for delivery of temporary custody of a prisoner to another state violates due process of law "because it fails to provide prisoners with notice and the right to contest their transfer to another state for the purpose of trial," unless the IAD should be interpreted "to contain the same right to a hearing that is afforded a prisoner in testing the legality of transfer under the Uniform Criminal Extradition Act[4]...." *Id.* at 87, 536 P.2d at 1130; *see* U.S. Const. amend. XIV, § 1; Colo. Const. art. II, § 25. We noted that article IV of the IAD contains no provision for a prisoner to contest the request of another state for temporary custody other than by an application to the governor of the state in which the prisoner is incarcerated to disapprove the request for temporary custody. We held that the due process clauses of the federal and state constitutions require more than a right to petition the governor for exercise of the

---

**2.** *See* n. 1.

**3.** The writ does not appear in the record. In subsequent proceedings, however, the parties and the court assume that a writ was issued.

**4.** Sometimes cited hereafter as "Extradition Act."

executive's discretionary authority to disapprove the temporary custody request "when a detainer is the basis for the transfer of a prisoner from one state to another." *Id.* at 89, 536 P.2d at 1132. We noted that "the concept of liberty applies not only to those who are wholly free from the restrictive prison system, but also, in some respects, to those who are subject to it." *Id.* We recognized that a detainer constitutes a deprivation of liberty and that therefore "a defendant serving a prison sentence is entitled to some protection under the due process clause, in addition to a motion to the governor." *Id.*

We continued our analysis in *Moen v. Wilson* by considering the nature of the protections necessary to satisfy due process and whether such protections are available under the IAD. Recognizing that procedural due process is a flexible concept, *Wolff v. McDonnell*, 418 U.S. 539, 560, 94 S.Ct. 2963, 2976–77, 41 L.Ed.2d 935 (1974), we held that due process in this setting requires that before a request for temporary custody under article IV of the IAD can be honored, "a prisoner must be afforded the same rights which are afforded to a prisoner by the closely analogous Extradition Act." 189 Colo. at 90, 536 P.2d at 1132. Specifically, "each prisoner is entitled to petition the district court for a writ of habeas corpus and to obtain a hearing on which extradition can be contested." 189 Colo. at 90, 536 P.2d at 1132–33.[5]

Prior to 1986, review of orders discharging writs of habeas corpus, including writs of habeas corpus issued to contest extradition proceedings, was available in this court as a matter of right. *See, e.g., Moog v. Williams*, 195 Colo. 237, 577 P.2d 6 (1978); *Boyd v. Van Cleave*, 180 Colo. 403, 505 P.2d 1305 (1973); *People v. Jackson*, 180 Colo. 135, 502 P.2d 1106 (1972); *see also* § 13–4–102(1)(e), 6A C.R.S. (1987) (court of appeals jurisdiction does not include appeals concerning writs of habeas corpus). In 1986, against the background of our decision in *Moen v. Wilson*, the

General Assembly added the following sentence to section 16–19–111 of the Extradition Act: "Review beyond the court of record shall be only in the Supreme Court by petition for certiorari, pursuant to such rules as that Court may promulgate." Ch. 124, sec. 6, § 16–19–111, 1986 Colo. Sess. Laws 733, 735. No comparable change was made in the right of appeal from discharge of a writ of habeas corpus in proceedings not governed by the Extradition Act.

 Semendinger argues that the amendment to section 16–19–111 applies only to habeas corpus writs sought to contest extradition and that therefore habeas corpus writs contesting transfers of custody under article IV of the IAD continue to be appealable as a matter of right. The People advance the contrary argument— that the amendment to section 16–19–111 applies to habeas corpus petitions contesting transfers of temporary custody under article IV of the IAD as well as to habeas corpus petitions challenging transfer under the Extradition Act, and that therefore Semendinger is entitled only to petition for certiorari from the order discharging his writ of habeas corpus and cannot appeal as a matter of right. We conclude that the People are correct.

The General Assembly is presumed to be cognizant of prior decisional law when enacting or amending statutes. *Rauschenberger v. Radetsky*, 745 P.2d 640, 643 (Colo.1987); *People v. Green*, 734 P.2d 616, 621 (Colo.1987). We have found nothing in the pertinent legislative history of the amendment to section 16–19–111 that suggests an intent by the General Assembly that the amendment be limited in its application to extradition proceedings rather than extended to apply to analogous proceedings under article IV of the IAD. *See* Hearings on H.B. 1220 before the House Judiciary Committee, 55th General Assembly, 2d Session, Feb. 11, 1986; Hearings on H.B. 1220 before the Senate Judiciary Com-

---

5. The prisoner may contest not only whether the temporary custody request complies with the IAD but "will also be able to contest the transfer on the grounds afforded to those that

are to be transferred pursuant to the Extradition Act...." *Moen v. Wilson*, 189 Colo. at 90, 536 P.2d at 1133.

mittee, 55th General Assembly, 2d Session, May 24, 1986; Floor Debates on H.B. 1220 before the House of Representatives, 55th General Assembly, 2d Session, Mar. 18, 1986; Floor Debates on H.B. 1220 before the Senate, 55th General Assembly, 2d Session, Mar. 27, 1986. There is no suggestion in the language or legislative history of the amendment that some but not all of the procedural components of section 16–19–111 governing habeas corpus under the Extradition Act should be applied to proceedings under article IV of the IAD. In light of our holding in *Moen v. Wilson* that in habeas corpus proceedings to resist transfer of temporary custody under article IV of the IAD "a prisoner must be afforded the same rights which are afforded to a prisoner by the closely analogous Extradition Act," of which the legislature is presumed to have been aware in enacting the 1986 amendment to section 16–19–111, we conclude that the amendment was intended to apply to appellate review of discharge of writs of habeas corpus in proceedings to contest transfer of temporary custody under article IV of the IAD.

As a result, Semendinger's right to appellate review of discharge of the writ of habeas corpus in this case is limited to the right to petition this court for certiorari. Although Semendinger has cast his application for review as an appeal, we elect to treat it as a petition for certiorari in order to expedite the review process. We also elect to issue the writ of certiorari and to review the merits of Semendinger's assertion that the documentation submitted by San Bernardino County with its request for temporary custody was insufficient to establish identity and probable cause.

### III.

#### A.

The petitioner contends that the documentation in support of the application for temporary custody does not contain a sufficient *prima facie* showing of identity. He bases this contention upon the request for temporary custody submitted by the district attorney for San Bernardino County and seeking custody of "Arthur *Semen-giner*," rather than Arthur *Semendinger*, which is the petitioner's name. He notes correctly that a presumption of identity arises if the name of the person in custody is the same as the name appearing in the documents seeking custody. *See, e.g., Richardson v. Cronin*, 621 P.2d 949 (Colo. 1981) (identity between name in extradition documents and name in governor's warrant establishes *prima facie* case that the person charged as a fugitive is indeed the fugitive sought by demanding state); *Light v. Cronin*, 621 P.2d 309, 310 (Colo.1980) (in extradition proceedings, *prima facie* showing of identity is made when name of person sought to be extradited is identical to that appearing in requisition documents); *Samples v. Cronin*, 189 Colo. 40, 536 P.2d 306 (1975) (same). The petitioner argues, also correctly, that no such presumption arises when the names are not the same in any significant respect. *But cf. Beverly v. Davis*, 648 P.2d 621, 622 (Colo.1982) (minor discrepancy in spelling of middle name in extradition documents, where prisoner did not allege that he was not in fact the person named in the documents, was insufficient to impair presumption of identity).

In finding that the application for temporary custody contained a sufficient *prima facie* showing of identity, the trial court did not rely solely on the similarity of the name "Semenginer" in the request for temporary custody to the petitioner's name. Instead, the court considered all the documents submitted in support of the request, including a picture of the person whose custody was sought by California authorities. The arrest warrant, the declaration in support of arrest warrant, the fingerprint card, the felony complaint, and the San Bernardino Municipal Court felony docket sheet all describe the person sought as either Arthur L. Semendinger or Arthur Lewis Semendinger. A photograph of the person sought by San Bernardino County was attached to the fingerprint card, and the trial judge found this to be a picture of petitioner Arthur L. Semendinger, who was present in the courtroom. On the basis of this additional information, the trial court found an identity between the name of the

petitioner and the name of the person sought in the request for temporary custody. The court found that *prima facie* proof of identity was further established by the fact that the picture appearing in the file was a picture of Semendinger as he appeared in the courtroom. This record amply supports the trial court's conclusion of *prima facie* proof of identity. *Cf. Richardson v. Cronin* (documents submitted in support of extradition request, considered as a whole, established that certain name discrepancies in the documents were simply clerical errors and had no effect on validity of demand for extradition). Semendinger presented no evidence to rebut this strong showing. Accordingly, his objection to the trial court's conclusion that he is the person sought by California has no merit.

### B.

The petitioner also contends that the documents submitted in support of the request for temporary custody do not establish probable cause to believe that he committed the crime with which he is charged in California. We disagree.

 A prisoner can contest his transfer to another state to face charges by a writ of habeas corpus on the basis that the documents supporting a request for temporary custody do not establish that probable cause exists to believe he committed the crime with which he is charged. *Moen v. Wilson*, 189 Colo. at 91, 536 P.2d at 1133. As the trial court acknowledged, the documents filed with the court do not explicitly set forth evidence of probable cause. However, one of the documents is a warrant for the arrest of the appellant upon the charge of murder in violation of a California statute. The warrant is signed by a judge of the municipal court in San Bernardino County and was issued upon the affidavit of a California peace officer. Although the attachments upon which the factual showing of probable cause was based did not accompany the copy of the affidavit filed with the trial court, we have previously noted that in California an arrest warrant can be issued only if the mag-

istrate "is satisfied from the complaint that the offense complained of has been committed and that there is reasonable ground to believe [probable cause] that the defendant has committed it...." *Dietz v. Leach*, 199 Colo. 293, 295, 607 P.2d 993, 994 (1980) (quoting Cal. Penal Code § 813 (West)).[6] As we have previously held in extradition proceedings, "[w]hen a state's law requires a judge to find probable cause before issuing an arrest warrant, the presence of the warrant in the requisition documents establishes probable cause [as required by the extradition statutes]." *Vigil v. Martinez*, 661 P.2d 1164, 1165 (Colo.1983); *accord Parker v. Glazner*, 645 P.2d 1319 (Colo. 1982); *Dietz v. Leach*.

 We conclude that the judge who issued the California warrant necessarily determined that probable cause existed to believe that the petitioner committed the crime with which he was charged in California. Therefore, the trial court correctly determined that the ·supporting documents were sufficient to establish the validity of the request for temporary custody. *See Breault v. Wilson*, 645 P.2d 276, 277 (Colo. 1982); *cf. Dietz v. Leach*, 199 Colo. at 295–96, 607 P.2d at 994 (extradition proceeding).

We affirm the order of the district court discharging the writ of habeas corpus.

---

**6.** Cal. Penal Code § 813 (West) remains substantially unchanged. *See* Cal. Penal Code § 813 (West 1985 & 1989 Supp.) (authorizing magis-

trate to issue warrant or summons after finding of probable cause).